°PHŒNIX INSURANCE COMPANY OF HARTFORD V. CLYDE KING ET AL.

FILED APRIL 21, 1898. No. 7531.

1. **Review:** ASSIGNMENTS OF ERROR. An assignment in a petition in error that the court erred in rejecting evidence, "as appears at record, pages 209, 209½, 210, 211, 212, 216, 216½, 217, 220, 223, 224, 230, 238, 239, 240, 241, 243," is too general for consideration.

2. ——: ——. To obtain a review of the rulings of the trial court on the admission or exclusion of testimony each ruling must be specifically assigned in the petition in error.

3. ——: ——: ARGUMENTS. Alleged errors argued in the brief which are not assigned in the petition in error are unavailing.

REHEARING of case reported in 52 Neb. 562. *Affirmed.*

*Wright & Stout,* for plaintiff in error.

*R. R. Dickson, contra.*

NORVAL, J.

The judgment below was affirmed at the last term of this court. (52 Neb. 562.) An application for a rehearing was filed which assailed the former decision upon two grounds: First, in holding the third, fourth, fifth, and sixth assignments of error relating to the admission and exclusion of testimony to be too indefinite to require consideration; second, in sustaining the action of the trial court in allowing the sheriff to amend his return on the several orders of sale. At the request of the writer

a rehearing was allowed on the first ground, and the cause has been again submitted on briefs and oral argument. The action was brought by King & Cronin to recover certain sheriff's fees assigned to them, which it is alleged the officer earned in the execution of seven orders of sale in as many decrees of foreclosure obtained in Holt county by the Phœnix Insurance Company of Hartford. Verdict and judgment were against the defendant, and it prosecuted error.

The third assignment in the petition in error is as follows:

"3. The court erred in rejecting and refusing evidence offered on behalf of plaintiff in error as appears at record, pages 209, 209½, 210, 211, 212, 216, 216½, 217, 220, 223, 224, 230, 238, 239, 240, 241, 243." In the same manner numerous rulings of the trial court on the admission and exclusion of testimony are pointed out in the fourth, fifth, and sixth assignments in the petition in error. All of these assignments are too indefinite to require consideration. To obtain a review of alleged errors they must be assigned in the petition in error with such particularity as to enable this court to ascertain the ruling, out of a great number, of which complaint is made. The particular decision assailed must be specifically assigned; a general assignment is unavailing. (*Lowe v. City of Omaha*, 33 Neb. 587; *Farwell v. Cramer*, 38 Neb. 61; *Eagle Fire Co. of N. Y. v. Globe Loan & Trust Co.*, 44 Neb. 380; *Sigler v. McConnell*, 45 Neb. 598; *Kearney Electric Co. v. Laughlin*, 45 Neb. 390; *Blodel v. Zimmerman*, 41 Neb. 695; *City of Omaha v. Richards*, 49 Neb. 244.) *Darner v. Daggett*, 35 Neb. 695, sustained a general assignment in a petition in error quite like those in this case, but that decision stands alone, and is believed to be unsound. It is accordingly disapproved.

Another assignment is that the court erred in allowing the sheriff to amend his return. The officer made no amendment to any process issued in this case. It is disclosed that the sheriff was permitted in each of the seven

foreclosure actions to amend his return on the several orders of sale issued therein, by giving an itemized statement of his fees. But whether such rulings were proper or not cannot be determined at this time, since they were not made in this case but in other causes. The question of the admissibility of said amended returns as evidence is not raised by the petition in error, the assignment therein being the "court erred in allowing amendment of sheriff's returns." The sufficiency of the petition in the court below, and of the evidence to sustain the verdict are not raised by the petition in error, and the argument in the brief relating thereto will not be noticed. The former opinion is adhered to, and the judgment stands

AFFIRMED.