759 N.W.2d 698 (2009)
277 Neb. 111
STATE of Nebraska, appellee,
v.
Terrence D. MOORE, appellant.
No. S-08-417.
Supreme Court of Nebraska.
January 30, 2009.
*700 Thomas C. Riley, Douglas County Public Defender, Scott C. Sladek, Omaha, Joseph J. Kehm, and Sean M. Conway for appellant.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
Terrence D. Moore pled guilty to two counts of second degree murder and two counts of use of a firearm to commit a felony. The district court sentenced Moore to imprisonment for "a period of Life to Life" on one count of second degree murder and 50 to 50 years' imprisonment on the associated use of a deadly weapon to commit a felony conviction. As to the other count of second degree murder, Moore was sentenced to 30 to 45 years' imprisonment; on the associated use of a deadly weapon to commit a felony conviction, Moore was sentenced to 20 to 30 years' imprisonment. All sentences were ordered to be served consecutively. Moore appeals. We affirm.

BACKGROUND
Moore pled guilty to two counts of second degree murder and two counts of use of a deadly weapon to commit a felony for the shooting deaths of Terry Jasper and Diane Caveye. A more detailed factual account can be found in our prior opinion in this case.[1]
Moore was originally sentenced on May 23, 2006. In a memorandum opinion filed on January 4, 2007, in case No. S-06-699, we vacated Moore's sentences and remanded the cause for resentencing. Resentencing took place on March 20, 2007. At that time, Moore was sentenced to 30 to 45 years' imprisonment on each count of second degree murder, sentences to be served concurrently, and 10 to 10 years' imprisonment on each use of a deadly weapon conviction, sentences to be served consecutively to one another and to the sentences for second degree murder. The State then appealed, arguing the sentences were excessively lenient. We agreed, vacated those sentences, and again remanded the cause for resentencing.[2]
Upon resentencing, Moore was sentenced to life to life imprisonment on the first count of second degree murder and 50 to 50 years' imprisonment on the associated use of a deadly weapon to commit a felony conviction. As to the second count of second degree murder, Moore was sentenced to 30 to 45 years' imprisonment; on the associated use of a deadly weapon to commit a felony conviction, Moore was sentenced to 20 to 30 years' imprisonment. All sentences were ordered to be served consecutively.
Moore appeals.

*701 ASSIGNMENTS OF ERROR
On appeal, Moore assigns, restated, that (1) the sentence imposed by the district court of life to life imprisonment for second degree murder is not an authorized sentence and (2) the sentences were excessive.

STANDARD OF REVIEW
[1] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[3]
[2, 3] A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court.[4] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[5]

ANALYSIS

Life to Life Imprisonment as Authorized Sentence for Class IB Felony.
[4] On appeal, Moore argues that the life to life sentence imposed by the district court was not an authorized penalty under Neb.Rev.Stat. § 29-2204(1)(a) (Reissue 2008), which provides in part that in imposing an indeterminate sentence upon an offender, the court shall
(ii) Beginning July 1, 1998:
(A) Fix the minimum and maximum limits of the sentence to be served within the limits provided by law for any class of felony other than a Class IV felony, except that when a maximum limit of life is imposed by the court for a Class IB felony, the minimum limit may be any term of years not less than the statutory mandatory minimum. If the criminal offense is a Class IV felony, the court shall fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term and the maximum limit shall not be greater than the maximum provided by law[.]
In State v. Marrs,[6] we rejected the argument now advanced by Moore, that life to life imprisonment was not an authorized sentence. This court concluded that there was
no statutory requirement that the affirmatively stated minimum term for a Class IB felony sentence be less than the maximum term [and that a]lthough § 29-2204(1)(a)(ii) permits a sentencing judge imposing a maximum term of life imprisonment for a Class IB felony to impose a minimum term of years not less than the statutory mandatory minimum, it does not require the judge to do so.[7]
We therefore held that a life to life sentence for second degree murder was a permissible sentence under § 29-2204.
Moore acknowledges that Marrs is on point, but contends that we should revisit that decision. In support of this contention, Moore directs us to our opinion in Poindexter v. Houston.[8] Moore argues that in Poindexter, which was decided after *702 Marrs, we concluded that a sentence with a minimum term of life is in effect a sentence of life imprisonment without parole. Moore argues that under Neb.Rev. Stat. § 28-105 (Reissue 2008), which sets forth the range of penalties for felonies, such a sentence is only permissible for a Class IA felony. Because Moore was convicted of a Class IB felony, he argues, his life to life sentence was in violation of § 28-105. We decline Moore's invitation to reverse Marrs.
As an initial matter, we disagree with Moore's characterization of our opinion in Poindexter. In Poindexter, we were presented with the question of whether Nebraska law required the commutation of a life sentence to a term of years before a defendant was eligible for parole; we concluded that in both 1969 and 2008, such was required. We made no finding that a life to life sentence was in effect a life sentence without parole.
And to the extent that Moore argues that his life to life sentence was in violation of § 28-105, we also reject that contention. Though admittedly not expressly addressed in Marrs, it is clear from a review of the Marrs decision that in interpreting § 29-2204, this court was aware of and considered § 28-105.
Moore's first assignment of error is without merit.

Excessive Sentences.
[5-8] Moore also argues that the sentences imposed by the district court were excessive. When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime.[9] In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors.[10] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[11]
We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Moore as it did. Moore's argument that his sentences were excessive is also without merit.

CONCLUSION
For the reasons discussed above, we conclude that Moore's arguments on appeal are without merit. We therefore affirm the judgment of the district court.
AFFIRMED.
NOTES
[1] State v. Moore, 274 Neb. 790, 743 N.W.2d 375 (2008).
[2] State v. Moore, supra note 1.
[3] State v. Marrs, 272 Neb. 573, 723 N.W.2d 499 (2006).
[4] State v. Reid, 274 Neb. 780, 743 N.W.2d 370 (2008).
[5] Id.
[6] State v. Marrs, supra note 3.
[7] Id. at 578, 723 N.W.2d at 504.
[8] Poindexter v. Houston, 275 Neb. 863, 750 N.W.2d 688 (2008).
[9] State v. Reid, supra note 4.
[10] Id.
[11] Id.