278 Neb. 320
STATE OF NEBRASKA, APPELLEE,
v.
DAMIAN L. THOMPSON, APPELLANT.
No. S-08-1134.
Supreme Court of Nebraska.
Filed August 7, 2009.
Dennis R. Keefe, Lancaster County Public Defender, and John C. Jorgensen for appellant.
Gary Lacey, Lancaster County Attorney, Daniel D. Packard, and Richard Grabow, Senior Certified Law Student, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Damian L. Thompson was convicted in Lancaster County Court of misdemeanor assault and sentenced to 100 days in jail. He appealed to the Lancaster County District Court, which affirmed the conviction and sentence. Thompson appeals.

SCOPE OF REVIEW
[1,2] Both the district court and the Nebraska Supreme Court generally review appeals from the county court for error appearing on the record. State v. Royer, 276 Neb. 173, 753 N.W.2d 333 (2008). In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeal, and as such, its review is limited to an examination of the county court record for error or abuse of discretion. Id.

FACTS
Around 5 p.m. on August 30, 2006, Tanya Hansen arrived at her home in southwest Lincoln. She heard a woman screaming and asking someone to call the police. Hansen went to her backyard, which abutted an apartment building, and saw a man chasing a woman, who was yelling for help. She identified Thompson as the man she saw. Hansen saw Thompson and the woman enter the apartment building and then come back outside. Thompson got into a vehicle and left the area, and the woman yelled that Thompson had taken her car. Hansen called the 911 emergency dispatch service.
The woman asking for help was identified as Jessica Goff. Thompson and Goff were temporarily staying in an apartment with Kalli Ruleau. Ruleau testified that on August 30, 2006, she saw Thompson and Goff outside the apartment and heard them arguing. Goff, who appeared to be upset, was trying to leave, and Thompson was trying to stop her from leaving. Ruleau saw Thompson push Goff, who fell to the ground. Thompson walked away, and Ruleau went to help Goff. Goff had small scratches on her hands. Ruleau went into the apartment to get a telephone for Goff to use to call the police.
Officer Thomas Stumbo of the Lincoln Police Department was dispatched to the apartment for a domestic disturbance. When he arrived, Goff and Ruleau were standing outside the building. Goff appeared to be upset and was crying. Stumbo took photographs of Goff's injuries, which included a small laceration on the palm of each hand and a minor laceration on her left elbow.
A complaint was filed against Thompson, charging him with assault under Lincoln Mun. Code § 9.12.010 (1997). At a trial to the court, an audiotape of a call to police about the incident was received into evidence over Thompson's objection. The call was from a woman who identified herself as Goff. The 911 operator testified that the caller seemed upset and reported that she had been assaulted by Thompson at an apartment in southwest Lincoln. Thompson was found guilty, and he was sentenced to 100 days in jail, consecutive to any other sentence he had pending.
Thompson appealed to the Lancaster County District Court, assigning the following errors: The county court erred in (1) receiving photographs of Goff's injuries into evidence without sufficient foundation; (2) overruling Thompson's motion to dismiss for lack of a prima facie case; (3) finding Thompson guilty without sufficient evidence to sustain the conviction; (4) imposing an excessive sentence; (5) receiving into evidence over Thompson's hearsay objection a tape of the call to police; and (6) overruling Thompson's motions pursuant to Neb. Evid. R. 404(2), Neb. Rev. Stat. § 27-404(2) (Reissue 2008), regarding evidence of other crimes, wrongs, or acts. Thompson claimed the cumulative effect of all the errors deprived him of his constitutional right to a public trial by a fair and impartial fact finder.
The district court affirmed the conviction and sentence. It found no error in the admission of photographs taken by Stumbo. The court determined it was clear from Stumbo's prior testimony that he identified Goff as the victim when he first arrived on the scene.
Thompson's motion to dismiss at the end of the trial was based on a claim that the State did not elicit testimony from Goff and, therefore, there was insufficient evidence to support a prima facie case. The district court found that the facts established by other witnesses met the State's burden of proof to establish a prima facie case against Thompson.
As to whether the sentence was excessive, the district court noted that violation of § 9.12.010 is a misdemeanor, for which the penalty is a maximum of 6 months in jail, a fine of $500, or both, and Thompson was sentenced to 100 days in jail. The district court noted that the presentence investigation (PSI) showed that Thompson had twice been convicted of assault. In addition, Thompson previously failed to appear for sentencing. The district court found no abuse of discretion by the county court.
The district court noted that Thompson had entered a timely and continuing objection to the receipt into evidence of the tape recording of the call to police purportedly from Goff. Thompson argued that the tape should not have been admitted because it was hearsay. The district court agreed that the foundational threshold necessary to admit the tape into evidence was lacking and that the county court should not have admitted the tape. However, the district court found that the admission of the tape was not so prejudicial as to require reversal of the county court's decision. The record was replete with facts the county court could rely on to establish the necessary evidence to find Thompson guilty.
The district court found no error concerning the evidence of other crimes, wrongs, or acts. Thompson did not argue the error in his brief, and the county court's ruling did not violate Thompson's rights.
The district court then addressed Thompson's claim that the cumulative effect of the errors violated his right to a fair trial. The court noted that even if the testimony of the 911 operator and the tape of the call had been excluded, other witnesses established the charge against Thompson beyond a reasonable doubt. The record supported the county court's factual findings.

ASSIGNMENTS OF ERROR
Thompson assigns the following errors: The county court erred in (1) receiving exhibits into evidence without sufficient foundation; (2) overruling his motion to dismiss for lack of a prima facie case; (3) finding Thompson guilty without sufficient evidence; (4) imposing an excessive sentence; and (5) overruling Thompson's rule 404 motions regarding evidence of other crimes, wrongs, or acts. Thompson also claims that the county court erred in receiving a tape of the 911 call into evidence when it was hearsay and violated his right of confrontation and that the district court erred in finding that admission of the evidence was harmless error. Finally, Thompson argues that the cumulative effect of all the errors deprived him of his constitutional right to a public trial by a fair and impartial fact finder.

ANALYSIS
This case is before us as an appeal from the district court, which sat as an intermediate appellate court. In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeal, and as such, its review is limited to an examination of the county court record for error or abuse of discretion. State v. Royer, 276 Neb. 173, 753 N.W.2d 333 (2008). Both the district court and the Nebraska Supreme Court generally review appeals from the county court for error appearing on the record. Id.

ADMISSION OF EVIDENCE
Thompson first argues that the county court erred in receiving into evidence exhibits 1 through 5, which are photographs of Goff. He argues that foundation was lacking for the admission of the photographs, because there was no confirmation of the identity of the person in the photographs.
Stumbo testified that he took the photographs of Goff and that the photographs were true and accurate depictions of Goff as she appeared on the date of the incident. Thompson claimed error because Stumbo had not testified as to how he identified the person in the photographs. The objection was overruled.
[3] An objection based upon insufficient foundation is a general objection. State v. King, 269 Neb. 326, 693 N.W.2d 250 (2005). If such an objection is overruled, the objecting party may not complain on appeal unless (1) the ground for exclusion was obvious without stating it or (2) the evidence was not admissible for any purpose. Id. Thompson has not suggested that the ground for exclusion of the photographs was obvious. Nor has he argued that the photographs were not admissible for any purpose.
[4] Thompson's argument revolves around whether Stumbo identified Goff as the individual he talked to at the site of the assault and as the person who was portrayed in the photographs. As a general rule, photographic evidence is admissible when it is shown that it is a correct reproduction of what it purports to depict. See State v. Anglemyer, 269 Neb. 237, 691 N.W.2d 153 (2005). "This is often proved by the testimony of the one who took the photograph." Id. at 246, 691 N.W.2d at 161-62. At trial, Stumbo described Goff's injuries and stated that he took the photographs of her.
[5] A trial court's determination of the admissibility of physical evidence will not ordinarily be overturned except for an abuse of discretion. State v. Jacobson, 273 Neb. 289, 728 N.W.2d 613 (2007). The district court found no abuse of discretion in the county court's receipt into evidence of the photographs. The finding was correct.
[6] Thompson also objects to the county court's receipt into evidence of exhibit 6, the tape recording of the call to police. On appeal to this court, he claims that the tape was hearsay and violated his rights to confrontation and cross-examination. We note first, however, that Thompson did not raise the confrontation argument on appeal to the district court in his assignments of error, and the district court did not address the argument in its order. When an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. State v. Pieper, 274 Neb. 768, 743 N.W.2d 360 (2008). Thus, we need not address whether the tape violated Thompson's right to confrontation.
We then turn to the question of whether the tape was hearsay. The record shows that the 911 operator testified that she took the call on the police nonemergency telephone number. She stated that she had listened to the tape and that it was a true and accurate copy of the conversation she had with a person who identified herself as Goff. Thompson did not object. When the operator was asked to describe Goff's tone of voice or demeanor, Thompson's objection on the basis of speculation was overruled. The operator stated that Goff said she had been assaulted, and Thompson raised a hearsay objection. The objection was overruled, and after the operator stated that Goff said the assault had just occurred, Thompson asked for a continuing objection on the basis of hearsay and insufficient foundation. The continuing objection was noted and overruled by the court.
The operator again stated that the tape was a true and accurate copy of the telephone conversation with a female who identified herself as Goff and that Goff said the person who assaulted her was Thompson. The State offered the tape into evidence, and Thompson objected on the basis of hearsay and insufficient foundation. Thompson's counsel stated, "I don't know if the State's attempting to elicit the [statement] under an excited utterance." The tape was received into evidence and played for the court.
The district court did not mention the excited utterance exception to the hearsay rule in its order, but Thompson suggests in his brief to this court that the excited utterance exception was the presumed ground for the county court's admission of the tape. The record does not support Thompson's suggestion that the county court admitted the tape into evidence as an excited utterance. Rather, it appears that the district court reviewed the admission of the call to police as a witness' pretrial identification of a defendant. The court cited State v. Salamon, 241 Neb. 878, 491 N.W.2d 690 (1992), in which this court stated that a witness' pretrial statement identifying a defendant as the perpetrator of a crime is hearsay pursuant to Neb. Evid. R. 801(3), Neb. Rev. Stat. § 27-801(3) (Reissue 2008), and inadmissible under Neb. Evid. R. 802, Neb. Rev. Stat. § 27-802 (Reissue 2008).
In the case at bar, the district court determined that the tape was inadmissible under the Nebraska Evidence Rules. The court then applied the harmless error analysis to find that the admission of the tape may have prejudiced Thompson but that the error was not so prejudicial as to require the court to overturn the county court's decision. See State v. Hansen, 259 Neb. 764, 612 N.W.2d 477 (2000). The court found that the record was replete with facts that could be relied on to establish the evidence necessary to find Thompson guilty beyond a reasonable doubt.
[7] As noted earlier, our review is for error appearing on the record. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. State v. Royer, 276 Neb. 173, 753 N.W.2d 333 (2008). An appellate court nonetheless has an obligation to resolve questions of law independently of the conclusions reached by the trial court. Id.
[8] The district court concluded that the tape was hearsay and was improperly received into evidence by the county court. In a bench trial of a law action, including a criminal case tried without a jury, erroneous admission of evidence is not reversible error if other relevant evidence, admitted without objection or properly admitted over objection, sustains the trial court's factual findings necessary for the judgment or decision reviewed; therefore, an appellant must show that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through the use of erroneously admitted evidence in a case tried without a jury. State v. Harms, 264 Neb. 654, 650 N.W.2d 481 (2002) (supplemental opinion). The appellant must show that the trial court made a finding of guilt based exclusively on the erroneously admitted evidence. State v. Lara, 258 Neb. 996, 607 N.W.2d 487 (2000). If there is other sufficient evidence to support the finding of guilt, the conviction will not be reversed. Id. The burden rests on the appellant in a bench trial because of the presumption that the trial court, sitting as the fact finder, disregards inadmissible evidence. State v. Harms, supra. We conclude there was other sufficient evidence to support the finding of guilt.
This was a bench trial. Ruleau provided eyewitness testimony as to the assault of Goff by Thompson. Hansen, the neighbor, testified that she heard a woman screaming for help and that Thompson was present while the woman was screaming. Stumbo took photographs of Goff showing her injuries, and he testified to the accuracy of the depictions in the photographs. The district court's decision concerning the tape conformed to the law, was supported by competent evidence, and was not arbitrary, capricious, or unreasonable. Thompson's assignments of error concerning the admission of evidence have no merit.

MOTION TO DISMISS AND SUFFICIENCY OF EVIDENCE
Thompson argues that the county court erred in overruling his motion to dismiss for lack of a prima facie case. Subsumed in this claim is Thompson's assertion that the evidence was insufficient to sustain the conviction. His arguments are based on the failure of the State to elicit testimony from Goff, the alleged victim. The district court found that the facts established by the other witnesses clearly met the State's burden of proof to establish a prima facie case against Thompson.
[9] Thompson does not provide any case law to support his claim that the evidence was insufficient because the alleged victim did not testify. There is no statute requiring a victim to testify in a criminal case. This court must review only whether the evidence was sufficient. In so doing, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. State v. Babbitt, 277 Neb. 327, 762 N.W.2d 58 (2009). The county court heard and observed the witnesses and was able to assess their credibility, and it found sufficient evidence to convict Thompson of violating the municipal code. The district court also found that the evidence was sufficient and that there was no error in the county court's failing to sustain the motion to dismiss because Goff did not testify.
We agree. As noted above, there was eyewitness testimony to Thompson's pushing Goff to the ground. A police officer took photographs of the injuries Goff sustained. A neighbor heard Thompson and Goff arguing. These assignments of error have no merit.

EXCESSIVE SENTENCE
Thompson claims the county court erred in imposing an excessive sentence. He argues that a lesser sentence would have satisfied the purpose of sentencing.
[10,11] Thompson was sentenced to a term of 100 days in jail. Although he mentions a PSI in his brief and the district court referred to a PSI, there is no such report in the record. In fact, the probation office has indicated in a letter that it did not conduct a presentence investigation. Regardless, Thompson was convicted of a misdemeanor that was punishable by a term of imprisonment not to exceed 6 months, a fine not to exceed $500, or both. A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. State v. Moore, 277 Neb. 111, 759 N.W.2d 698 (2009). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. Id. Thompson has not demonstrated any abuse of discretion on the part of the county court in imposing the sentence, and the district court was correct in affirming it.

RULE 404 MOTIONS
[12] Thompson assigns as error the county court's overruling his rule 404 motions regarding evidence of other crimes, wrongs, or acts. He does not make any argument before this court related to the assignment, and he apparently did not present any argument to the district court on the issue. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. State v. Amaya, 276 Neb. 818, 758 N.W.2d 22 (2008). Because Thompson offers no argument in support of the assigned error, we need not address it.

CONSTITUTIONAL RIGHT TO FAIR TRIAL
Finally, Thompson argues that the cumulative effect of all the errors deprived him of his constitutional right to a public trial by a fair and impartial fact finder. The district court found no basis to this claim, and neither does this court. We have previously discussed the testimony presented to the trial court by Ruleau, the eyewitness; Hansen, the neighbor; and Stumbo, the police officer. In addition, the county court was provided photographs of Goff's injuries.
[13,14] A conviction in a bench trial of a criminal case is sustained if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. See State v. Keup, 265 Neb. 96, 655 N.W.2d 25 (2003). In making this determination, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. Id. When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. Applying these standards to the case at bar, we find no error on the part of the county court or the district court.

CONCLUSION
The judgment of the district court, which affirmed the conviction and sentence of the county court, is affirmed.
AFFIRMED.