IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. SCHROEDER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
KENT A. SCHROEDER, APPELLANT.

Filed April 16, 2013.    No. A-12-422.

Appeal from the District Court for Buffalo County, DEREK C. WEIMER, Judge, on appeal thereto from the County Court for Buffalo County, LINDA S. CASTER SENFF, Judge. Judgment of District Court affirmed.

D. Brandon Brinegar, of Ross, Schroeder & George, L.L.C., for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

SIEVERS, PIRTLE, and RIEDMANN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Kent A. Schroeder challenges his conviction of violating Kearney City Code § 8-1602, larceny less than $100. On appeal, he argues that the county attorney, who was appointed special prosecutor, lacked statutory authority to charge and prosecute him for violating a city ordinance and that the trial court did not have sufficient evidence to support its verdict. We find that Schroeder waived the alleged lack of authority by failing to file a motion to quash and that sufficient evidence supported the trial court's verdict. Accordingly, we affirm the decision of the district court, which affirmed the decision of the county court.

BACKGROUND

This case involves a claim of trespass and theft of a snow shovel. In March 2011, Michael Lohmann called police to report that the owner of the property next door, Schroeder,

entered Lohmann's property and stole his shovel. The Kearney police department investigated the claim.

Later that month, the Buffalo County Attorney filed an application with the district court for Buffalo County for the appointment of a special prosecutor to handle the charges. The court appointed the Dawson County Attorney, or her duly authorized agent, to assist the Buffalo County Attorney. The court awarded her "full authority to investigate, charge and prosecutes [sic] as the circumstances of the case may warrant." The Dawson County Attorney assigned the case to one of her deputies, who charged Schroeder in April 2011 with violations of Kearney City Code § 8-1605, criminal trespass, and § 8-1602, larceny, less than $100.

The case was tried in the county court for Buffalo County, and the following evidence was adduced:

Schroeder owns property at 401 and 403 West 26th Street on which he was building duplexes. Schroeder's property is located next to property at 407 West 26th Street, which is in the trust of Vikki and Doug Stamm. In January and February 2011, the Stamms were leasing the property to Lohmann.

In January 2011, the furnace exploded in the property Lohmann was leasing, causing extensive damage to the interior. Lohmann continued to reside in the dwelling for a while after the fire. By February 26, Lohmann had found a new residence, but had not yet removed his belongings from the Stamms' property.

During this time, the Stamms decided to sell the property. Vikki contacted Schroeder twice, offering to sell the property to him. They talked about related city ordinances and asbestos, but Vikki did not form the impression that Schroeder was interested in purchasing the property. Instead, she pursued a sale with another neighbor.

On February 26, 2011, Schroeder was working on his property when he decided to enter the Stamms' property. He testified at trial that his purpose was to inspect the property to see if it contained asbestos. He opened the unlocked door and entered the dwelling. While inside the dwelling, he noticed a snow shovel.

Schroeder removed the shovel from the dwelling and placed it inside his duplex. At trial, Schroeder claimed he was borrowing the shovel to scoop snow from the steps of his duplex and was planning to return it. He said he failed to return the shovel immediately because he was late for a commitment, but intended to return it the next day. Lacie Clark, who lives across the street, observed Schroeder enter the Stamms' property and exit with the shovel. She testified that she did not see Schroeder scoop any snow from his steps.

Lacie's husband, Jason Clark, confronted Schroeder about the shovel within a day or two of the incident. Jason testified that Schroeder admitted taking the shovel. Jason explained that Schroeder stated that he had permission to enter the residence but admitted he did not have permission to take the shovel. Jason then lied to Schroeder and told him that he owned the shovel. Schroeder offered to return it immediately, but Jason rebuffed his offer.

After the confrontation with Jason, Schroeder saw Lohmann at home and returned the shovel to him. Lohmann testified that during this exchange, Schroeder stated Vikki had given him permission to enter the property. He also stated that Schroeder told him he was just borrowing the shovel to scoop snow from his steps. Lohmann was skeptical of this claim, however, because Schroeder's steps had not been scooped. Lohmann called Doug to verify

Schroeder's claim of permission to enter the property and then called the Kearney Police Department. Vikki testified that she did not give Schroeder permission to enter the premises; Doug did not testify at trial.

An officer from the Kearney Police Department responded to the complaint. Schroeder told the officer that he did not have specific permission to enter the Stamms' property. He also admitted taking the shovel and said he was only borrowing it.

Lacie, Jason, Vikki, and the officer all testified that 407 West 26th Street was located in Kearney, Nebraska. Schroeder testified that the property was located within Kearney, Nebraska, "as far as I know."

The trial court found Schroeder not guilty of trespassing because the evidence supported Schroeder's testimony that he reasonably believed that the owner gave him permission to enter. The trial court did, however, find Schroeder guilty of larceny. The court explained that it could infer the intent to permanently deprive Lohmann of his shovel from the circumstances. In particular, the court noted that Lohmann and Schroeder had no prior relationship and that Schroeder did not use the shovel to remove snow from his property, but simply placed it inside the duplex. The court sentenced Schroeder to a $50 fine.

Schroeder timely appealed the county court's decision to the district court for Buffalo County. On appeal, he argued that the prosecutor did not have statutory authority to prosecute him. He alleged that he was prosecuted by a county attorney who did not have the authority to prosecute violations of city ordinances. See Neb. Rev. Stat. § 23-1201 et seq. (Reissue 2012). He also argued that there was insufficient evidence to find he had the intention to permanently deprive Lohmann of his shovel or that the crime was committed within the city limits of Kearney.

The district court found sufficient evidence supported the verdict. It further found that the special prosecutor had authority to prosecute Schroeder under the broad language of the court order appointing him and that Schroeder had waived the issue by failing to file a motion to quash at trial.

This timely appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Schroeder argues that the trial court erred in (1) allowing the matter to be prosecuted by an attorney who lacked statutory authority, (2) finding him guilty when insufficient evidence supported the conviction, and (3) failing to sustain an objection to lack of foundation as to testimony regarding whether the events occurred within the city limits of Kearney.

## ANALYSIS

*Statutory Authority of Special County Attorney.*

Schroeder argues that the trial court erred in allowing the matter to proceed because the prosecutor lacked statutory authority to charge and prosecute him. Schroeder argues that the district court for Buffalo County appointed the Dawson County Attorney to prosecute him and that county attorneys do not have authority to prosecute city ordinances. Schroeder argues that this defect is fatal to the State's complaint. The State, on the other hand, contends that the special

prosecutor had broad authority to prosecute the case under the district court's order appointing the Dawson County Attorney and that even if authority was lacking, Schroeder waived any claim by failing to file a motion to quash.

Before reaching the merits of Schroeder's argument that the prosecutor lacked authority, we first address whether Schroeder preserved this alleged error. See *State v. Bray*, 243 Neb. 886, 503 N.W.2d 221 (1993) (addressing preservation of error before addressing its merit).

Objections to an information or the content of an information should be raised by a motion to quash. See, Neb. Rev. Stat. § 29-1808 (Reissue 2008); *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998). When a defendant enters a plea in a case, he waives objections to all defects in an information that can be reached by a motion to quash, except those defects which are of such a fundamental character as to make the indictment wholly invalid. *State v. Nelson*, 167 Neb. 575, 94 N.W.2d 1 (1959). The rule that a defendant must either object to defects in an information by filing a motion to quash or waive the objection also applies to defects in a complaint. See, *State v. Kanarick*, 257 Neb. 358, 598 N.W.2d 430 (1999); *State v. Gilman*, 181 Neb. 390, 148 N.W.2d 847 (1967). See, also, *State v. Albrecht*, 18 Neb. App. 402, 790 N.W.2d 1 (2010).

In *Gilman, supra*, the Nebraska Supreme Court found that a defendant waived the right to challenge an unverified complaint by not raising the issue until after the verdict. Similarly, in *State, ex rel. Gossett v. O'Grady*, 137 Neb. 824, 291 N.W. 497 (1940), the Nebraska Supreme Court found that by not filing a motion to quash, a defendant waived a challenge to an attorney's authority for failure to take an oath or post an official bond.

In this case, Schroeder argues that the prosecutor lacked the statutory authority to bring charges against him. In both *Gilman, supra*, and *O'Grady, supra*, the defendants argued that the informations filed against them were defective because of a failure on the part of the prosecuting attorney. In those cases, the Nebraska Supreme Court required the defendants to file a motion to quash. In the present case, Schroeder argues that the prosecutor did not prove his authority to file a complaint against Schroeder and prosecute him. We find that this alleged defect is similar to the alleged defects in *Gilman, supra*, and *O'Grady, supra*, and therefore, we find that the defect is not of such a fundamental character as to make the indictment invalid. Accordingly, we find that Schroeder waived the issue by failing to file a motion to quash. Having concluded that Schroeder waived this issue, we need not decide whether the order appointing the county attorney provided the requisite authority. See *State v. Johnson*, 269 Neb. 507, 695 N.W.2d 165 (2005) (declining to address constitutionality of statute where it was not necessary to dispose of appeal).

*Insufficient Evidence to Support Verdict.*

Schroeder argues that the trial court erred in finding him guilty of violating Kearney City Code § 8-1602 because he did not have the intention to permanently deprive Lohmann of the shovel. The evidence before the trial court supported its finding that Schroeder intended to permanently deprive Lohmann of his property.

An appellate court sustains a conviction in a bench trial if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. See *State v. Thompson*, 278 Neb. 320, 770 N.W.2d 598 (2009). In making this determination, an

appellate court does not resolve conflicts in evidence, pass on the credibility of witnesses, or reweigh evidence presented. See *id*. When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

Kearney City Code § 8-1602 states: "If any person shall steal any money, goods or chattels of any kind whatsoever of less value than one hundred ($100.00) dollars, the property of another, within the City, such person, upon conviction, shall be punished as provided in section 1-111 of this Code."

A court may infer that a defendant charged with theft intended to permanently deprive the property owner from the circumstances surrounding the incident. See *State v. Lixey*, 238 Neb. 540, 471 N.W.2d 444 (1991).

In this case, the trial court stated that it inferred the intent to permanently deprive Lohmann of his property from the circumstances of the case. In particular, the trial court noted that it found credible evidence that Schroeder took the shovel and placed it within his duplex without using it to scoop the snow on his steps. The court also found that after placing the shovel in his duplex, Schroeder did not return the shovel until confronted.

Viewed in the light most favorable to the State, we determine this evidence supports the trial court's finding that Schroeder intended to permanently deprive Lohmann of the shovel. Accordingly, the trial court did not err in finding the evidence supported the verdict.

*Venue Determination and Testimony.*

Schroeder argues that the trial court incorrectly overruled his attorney's foundational objection when Schroeder was asked on cross-examination whether 407 West 26th Street was within the city limits of Kearney. He also argues that the State did not properly establish venue. We find that the trial court did not err in overruling the objection. We do not address Schroeder's argument that the State did not prove proper venue because Schroeder did not assign it as error. See *Heitzman v. Thompson*, 270 Neb. 600, 705 N.W.2d 426 (2005) (appellate court will not address errors unless they are both specifically assigned and argued in appellant's brief).

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility. *State v. Draganescu*, 276 Neb. 448, 755 N.W.2d 57 (2008). An appellate court reviews the trial court's conclusions with regard to evidentiary foundation and witness qualification for an abuse of discretion. *State v. Jackson*, 264 Neb. 420, 648 N.W.2d 282 (2002).

Neb. Rev. Stat. § 27-602 (Reissue 2008) states in part: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself." A witness testifying to objective facts must have had means of knowing the facts from the witness' personal knowledge. *Jackson, supra*.

In this instance, Schroeder's attorney objected to the State's question posed to Schroeder about whether 407 West 26th Street was within the city limits of Kearney. Prior to this question, Schroeder had testified that he owned the property next door and had been considering buying

the property at 407 West 26th Street. Vikki had also testified that Schroeder had engaged her in conversations about how city ordinances might affect the insurance recovery of the property at 407 West 26th Street. This testimony provided sufficient basis for the trial court to conclude that Schroeder had sufficient personal knowledge to respond to the question.

Because Schroeder's previous testimony established sufficient foundation for him to answer the question of whether or not 407 West 26th Street was within the city limits of Kearney, the trial court did not abuse its discretion in overruling Schroeder's objection.

Schroeder argues in his brief that the trial court erred in finding the State established that the events took place within the city limits of Kearney. Schroeder did not, however, specifically assign the trial court's finding of venue as error. Accordingly, we decline to address Schroeder's argument that the State did not establish venue. See, *Phoenix Ins. Co. v. King*, 54 Neb. 630, 74 N.W. 1103 (1898); *Walsh v. City of Omaha*, 11 Neb. App. 747, 660 N.W.2d 187 (2003) (holding appellate court will not address errors that are not specifically assigned as error, even if they are argued in party's brief).

## CONCLUSION

Schroeder waived any potential error stemming from the prosecutor's alleged lack of authority to bring charges against him by failing to file a motion to quash in the trial court. Furthermore, a review of the record indicates that sufficient evidence existed to support the conviction. Accordingly, we affirm the decision of the district court, which affirmed the decision of the county court.

AFFIRMED.