IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. NEUBERGER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
ZACHARY E. NEUBERGER, APPELLANT.

Filed January 7, 2014.    No. A-13-411.

Appeal from the District Court for Lancaster County: PAUL D. MERRITT, JR., Judge. Affirmed.

Peter K. Blakeslee for appellant,

Jon Bruning, Attorney General, and Melissa R. Vincent for appellee.

INBODY, Chief Judge, and IRWIN and RIEDMANN, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Zachary E. Neuberger, a juvenile, pled no contest to manslaughter and possession of a firearm during the commission of a felony. Subsequently, the district court sentenced Neuberger to 30 to 35 years' imprisonment. Neuberger appeals his convictions and sentences here. On appeal, Neuberger asserts that the district court erred in denying his motion to transfer his criminal prosecution to juvenile court and in imposing excessive sentences. Neuberger also alleges that he received ineffective assistance of trial counsel. Upon our review, we find no abuse of discretion by the district court and find that Neuberger's claims concerning the ineffectiveness of counsel are without merit. Accordingly, we affirm.

## II. BACKGROUND

On September 14, 2012, the State filed an information charging Neuberger with second degree murder, use of a weapon to commit a felony, and possession of a machine gun, short rifle, or shotgun. At the time the information was filed, Neuberger had just turned 18 years old.

The charges against Neuberger stem from an incident which occurred in July 2012, when Neuberger was 17 years old. On the night of July 29, 2012, a confrontation occurred in front of a residence located on Sumner Street in Lincoln, Nebraska. Three individuals, including Naif Alkazahy, approached the occupants of the residence and engaged in a fistfight. Neuberger was one of the occupants of the residence. He became involved in the altercation when Alkazahy began hitting another of the residents with a baseball bat. Neuberger obtained a sawed-off shotgun and shot Alkazahy. Alkazahy died from the injuries he sustained as a result of the gunshot. Neuberger initially confessed to shooting Alkazahy; however, he later retracted this confession and stated that another one of the residents was the shooter.

After the State filed the information, Neuberger filed a motion requesting that the proceedings be transferred to juvenile court. A hearing was held on Neuberger's motion. After the hearing, the district court entered a detailed order discussing each of the factors set forth in Neb. Rev. Stat. § 43-276 (Cum. Supp. 2012), which concerns transfer of criminal prosecutions to juvenile court. Ultimately, the court concluded that Neuberger's motion to transfer the proceedings to juvenile court should be denied.

After the district court denied Neuberger's motion to transfer the criminal proceedings to juvenile court, the State filed an amended information. In the amended information, the State changed the original charge of second degree murder to a charge of manslaughter; changed the original charge of use of a firearm to commit a felony to a charge of possession of a firearm during the commission of a felony; and did not include the charge of possessing a machine gun, short rifle, or shotgun. Pursuant to a plea agreement, Neuberger pled no contest to the charges in the amended complaint. The district court accepted Neuberger's plea and found him guilty of manslaughter and possession of a firearm during the commission of a felony.

After a sentencing hearing, the district court sentenced Neuberger to 20 to 20 years' imprisonment on the manslaughter conviction and a consecutive 10 to 15 years' imprisonment on the possession of a firearm conviction.

Neuberger appeals here.

### III. ASSIGNMENTS OF ERROR

Neuberger has assigned three errors on appeal. First, Neuberger asserts that the district court erred in denying his motion to transfer jurisdiction to juvenile court. Second, Neuberger asserts that the court erred in imposing excessive sentences. Third, Neuberger asserts that he received ineffective assistance of trial counsel.

### IV. ANALYSIS

#### 1. MOTION TO TRANSFER JURISDICTION
#### TO JUVENILE COURT

Neuberger asserts that the district court erred in denying his motion to transfer jurisdiction to juvenile court. Specifically, he argues that even though the district court considered each of the relevant statutory factors set forth in § 43-276, that the court abused its discretion when balancing the factors as "the balance tips in [Neuberger's] favor when considering his lack of any significant prior criminal or violent activity, and particularly his motivation for committing the offense (defense of another)." Brief for appellant at 9. We

disagree with Neuberger's assertions and find no abuse of discretion, because Neuberger's age and the seriousness of the offense support the court's decision to deny Neuberger's motion and retain jurisdiction of the criminal proceedings.

### (a) Standard of Review

A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion. *State v. Parks*, 282 Neb. 454, 803 N.W.2d 761 (2011). A judicial abuse of discretion exists when the reasons or rulings of a trial court are clearly untenable, thereby unfairly depriving a litigant of a substantial right or a just result in matters properly submitted for judicial disposition. *Id.*

### (b) Analysis

In deciding whether to transfer adult criminal proceedings to juvenile court, the court having jurisdiction must carefully consider the factors set forth in § 43-276. See *State v. Jones*, 274 Neb. 271, 739 N.W.2d 193 (2007). To retain the proceedings, the court does not need to resolve every factor against the juvenile; moreover, there are no weighted factors and no prescribed method by which more or less weight is assigned to each factor. Rather, the court must engage in a balancing test in which public protection and societal security are weighed against the practical and nonproblematical rehabilitation of the juvenile. *Id.*

The district court's order denying Neuberger's motion to transfer jurisdiction to juvenile court reveals that the court carefully and completely considered all of the factors set forth in § 43-276, and made findings with regard to the relevant factors. The court found that Neuberger had confessed to being in possession of a short shotgun and shooting Alkazahy and stated that "[t]he very nature of the alleged charges [against Neuberger] includes violence and aggression." The court also found that Neuberger was 17 years old at the time of the shooting, that he was 18 years old at the time of the hearing on his motion, and that, as a result, the juvenile court would lose jurisdiction over Neuberger in less than 1 year. The court indicated that if Neuberger was found guilty of the charges, his sentence "would be, and would need to be, for a period of time significantly more than one year."

Based on our review of the record, we find no abuse of discretion by the district court. As the district court noted in its order, Neuberger was already 18 years old at the time the court ruled on the transfer motion and was charged with arguably the most serious and violent of offenses, the taking of another life. We affirm the district court's decision to deny Neuberger's motion to transfer and to retain jurisdiction of the criminal proceedings.

### 2. EXCESSIVE SENTENCES

Neuberger alleges that the district court erred by imposing excessive sentences. Specifically, he asserts that lesser sentences were warranted because Neuberger's statement to police indicated that he shot Alkazahy in order to protect one of his roommates and because Neuberger was a juvenile who was acting under the control and influence of a group of older individuals. Upon our review, we conclude that the district court did not err in sentencing Neuberger.

## (a) Standard of Review

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Moore*, 277 Neb. 111, 759 N.W.2d 698 (2009).

## (b) Analysis

Neuberger was convicted of manslaughter, a Class III felony. See Neb. Rev. Stat. § 28-305 (Reissue 2008). A Class III felony is punishable by a minimum of 1 year's imprisonment and a maximum of 20 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2012). The district court sentenced Neuberger to 20 to 20 years' imprisonment for his manslaughter conviction. Although this is the maximum sentence for a Class III felony, it is still within the statutory limits.

Neuberger was also convicted of possession of a firearm during the commission of a felony, a Class II felony. See Neb. Rev. Stat. § 28-1205(2)(c) (Cum. Supp. 2012). A Class II felony is punishable by a minimum of 1 year's imprisonment and a maximum of 50 years' imprisonment. See § 28-105. The district court sentenced Neuberger to 10 to 15 years' imprisonment for his possession of a firearm conviction. This sentence is well within the statutory limits.

Even though Neuberger's sentences are within the statutory limits, he asserts in his brief that the district court abused its discretion in imposing the sentences because of the mitigating circumstances surrounding the offense, including Neuberger's motivation for the offense and Neuberger's young age. However, contrary to Neuberger's assertions on appeal, it is clear from the record that the district court thoroughly considered all of the mitigating factors present in this case.

At the sentencing hearing, the district court indicated that it had reviewed the presentence report, including all of the letters submitted by Neuberger's family and friends. The court also stated that it had very carefully reviewed all of the police reports describing the shooting and the subsequent investigation. The court stated that it recognized that Neuberger was only 18 years old and that he had very little prior involvement with law enforcement. In addition, the court acknowledged that there was evidence that Neuberger had been involved with a "pseudo gang" at the time of the shooting and that he may have been influenced by certain older members of that gang. Prior to imposing the sentence, the court summarized its findings as follows:

> I have considered all of the factors mentioned previously, including . . . Neuberger's young age. That being said, I consider this to be an extremely serious and violent crime. I don't disagree . . . that this entire incident was impulsive and pointless; however, I can't agree with [the] assessment that no one appreciated the actual consequences of what would - could result from the confrontation when one side brings a short shotgun to the confrontation. In my opinion, a message needs to be sent to those who elect to bring a firearm to any confrontation that if a firearm is used and someone is injured or, as in this case, killed, there will be severe consequences.

We cannot say that the district court abused its discretion in sentencing Neuberger to a total of 30 to 35 years' imprisonment. It is clear from our record that the court very carefully and thoroughly considered all of the relevant mitigating factors present in this case, including

Neuberger's young age, his apparent motivation for the offense, and the possibility that he was influenced by older individuals at the time of the crime. The court also considered the serious and violent nature of the offense and the benefit that Neuberger received by pleading no contest to the amended, and reduced, charges. After considering all of these factors, the court sentenced Neuberger to sentences that are properly within the statutory limits. We affirm the district court's sentences.

### 3. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Neuberger assigns as error that his trial counsel was ineffective. However, in his brief to this court, Neuberger does not explain exactly how his trial counsel's performance was deficient, nor does he explain how any such deficient performance prejudiced him. Instead, Neuberger alludes to the "potentially viable defenses" which would have been available to him had he gone to trial and asserts that it is not clear from the record exactly "[w]hy trial counsel did not take the case to trial . . . ." Brief for appellant at 14. Neuberger also states, "It is . . . well-settled that the issue of ineffective assistance can be waived if not raised on direct appeal, which is why [this assigned error] is included in this Brief." *Id*. at 14-15. Upon our review, we conclude that Neuberger failed to sufficiently allege his ineffective assistance of counsel claims and that, as a result, his assertions of ineffective assistance of counsel are without merit.

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his or her counsel's performance was deficient and that he or she was prejudiced by that deficient performance. *State v. Thomas*, 278 Neb. 248, 769 N.W.2d 357 (2009). Neuberger has raised claims concerning the ineffectiveness of his trial counsel in the context of his direct appeal from his convictions and sentences. A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *State v. Young*, 279 Neb. 602, 780 N.W.2d 28 (2010). Typically, the determining factor in cases where claims of ineffective assistance of counsel are raised on direct appeal is whether the record is sufficient to adequately review the question. See *id*. However, in this case, resolution of Neuberger's assertions of ineffective assistance of counsel hinge not on the adequacy of the record before us, but on his failure to provide this court with sufficient allegations concerning his counsel's deficient performance and how such performance prejudiced him.

Neuberger's appellate counsel is different than his trial counsel. And, Neuberger is clearly aware of the rule that where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review. See, e.g., *State v. Dunster*, 278 Neb. 268, 769 N.W.2d 401 (2009). In fact, as we explained above, Neuberger indicates in his brief that the only reason he included the assigned error regarding the ineffectiveness of his trial counsel in this direct appeal was his awareness of this rule.

However, even though Neuberger included an assigned error regarding the ineffectiveness of his trial counsel in his brief to this court, he has failed to provide a sufficient allegation of ineffective assistance of counsel. Neuberger does not explain how his trial counsel's performance was deficient. He does state his belief that there were "potentially viable defenses" available to him had he gone to trial, brief for appellant at 14; however, he does not allege that

trial counsel was ineffective for either failing to advise him to take the case to trial rather than accepting the plea agreement or failing to further investigate the propriety of these possible defenses. Neuberger merely indicates that he does not know why his counsel chose not to take the case to trial. This statement does not allege any specific deficiencies in his counsel's performance.

Neuberger also does not allege that he was in any way prejudiced by any deficient performance of his trial counsel. Neuberger does not assert that if counsel had done anything differently that Neuberger would have chosen to proceed to trial rather than accepting the plea agreement.

Because Neuberger does not allege how his counsel's performance was deficient or that any such deficient performance prejudiced him, we conclude that he has failed to provide sufficient allegations of ineffective assistance of counsel. We find Neuberger's assigned error concerning the ineffectiveness of his counsel to be without merit.

## V. CONCLUSION

Upon our review, we find that the district court did not abuse its discretion by denying Neuberger's motion to transfer jurisdiction to the juvenile court or by sentencing Neuberger to a total of 30 to 35 years' imprisonment for his convictions. In addition, we conclude that Neuberger's claims concerning the ineffectiveness of his trial counsel are without merit. Accordingly, we affirm.

AFFIRMED.