IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MCCONNELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JESS W. MCCONNELL, APPELLANT.

Filed January 21, 2025.    No. A-24-165.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Kurt P. Leffler for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

RIEDMANN, Chief Judge, and PIRTLE and ARTERBURN, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Jess W. McConnell appeals from his conviction of first degree sexual assault of a child following a bench trial. Because we reject his argument that the date of the offense is an essential element of the crime and we determine the district court did not err in admitting certain evidence, we affirm.

## BACKGROUND

McConnell was charged with first degree sexual assault of a child, H.E.; the offense was alleged to have been committed on or about May 25 to June 9, 2022. Pertinent to this appeal, McConnell's then girlfriend, Heydi Enriquez Blanco, who is also H.E.'s aunt and the mother of McConnell's child, filed a protection order against McConnell following H.E.'s disclosure. This protection order became the subject of a motion in limine filed by McConnell, as detailed below.

- 1 -

*Motion in Limine.*

McConnell filed a motion in limine seeking to prohibit introduction of a protection order filed against him by Blanco. At a hearing on the motion, the State agreed "more or less" not to offer evidence of the protection order at trial. The caveat, however, was that if Blanco "changed her story" from the disclosure being a "valid disclosure," the State may offer the protection order for impeachment purposes. The State believed the protection order would be relevant because it would provide a basis for Blanco changing her story, because of a series of violent acts and threats from McConnell or his family when she attempted to leave him. The district court sustained the motion in limine to the extent that the State might be able to introduce the evidence only for the purposes of impeachment.

*Trial.*

The evidence established that at the time of trial H.E. was 8 years old and McConnell was 31 years old. McConnell was in a relationship with Blanco, and in 2019, H.E. began to stay with them on weekends. Beginning in May 2022, H.E. was to spend most of the summer vacation with McConnell and Blanco. According to H.E., while she was staying at their home, McConnell penetrated her with his fingers and penis. H.E. could not remember when these events happened, but confirmed they happened all the way up until she stopped staying with McConnell and Blanco.

On June 9, 2022, H.E. disclosed to Blanco what had been happening. After the disclosure, H.E. did not return to McConnell and Blanco's home. Blanco noted that H.E. had stated that McConnell would say "this feels so good" which was significant to Blanco because it was the same phrase McConnell would say when being intimate with Blanco. On cross-examination, Blanco admitted she initially told police she thought McConnell was innocent of any wrongdoing, but in August she told police she believed H.E. was telling the truth. She also admitted to later contacting the State and asking it to dismiss the criminal charges against McConnell.

At a sidebar following Blanco's cross-examination, the State informed the district court and trial counsel it intended to ask Blanco about allegations in the protection order to show she had a motive for telling police she believed McConnell was innocent and asking for charges to be dismissed. McConnell objected and the district court overruled the objection.

Over a continuing objection by trial counsel, the State asked Blanco questions about her interactions with McConnell's family members. Blanco confirmed that after May or June 2022, McConnell or his family tried to control her, and she described an interaction with McConnell's sister the day McConnell was arrested. McConnell objected, arguing that the line of questioning was improper impeachment because there was no allegation McConnell had done anything, and the State was trying to impeach McConnell by impeaching his family; the district court overruled the objection. Blanco then confirmed that McConnell had beaten her dog, and she believed this occurred around the time he was interviewed by police.

The district court found McConnell guilty of first degree sexual assault of a child. McConnell was sentenced to 25 to 35 years' imprisonment. McConnell appeals.

## ASSIGNMENTS OF ERROR

McConnell assigns, reordered and restated, that the State failed to present sufficient evidence to establish the date the offense occurred, which is an essential element of the crime. As

it relates to the protection order, he also assigns that the district court erred in overruling his objection to evidence "that violated Rules 401, 402, 403, and 404 of the Nebraska Rules of Evidence."

## STANDARD OF REVIEW

In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Samayoa*, 292 Neb. 334, 873 N.W.2d 449 (2015). The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion. *State v. Anthony*, 316 Neb. 308, 4 N.W.3d 393 (2024).

A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

## ANALYSIS

*Sufficiency of Evidence.*

McConnell assigns that the State failed to adduce sufficient evidence regarding an essential element of the crime, specifically that the conduct occurred between the dates charged in the information. Because the date of the offense is not a substantive element of the crime, we reject this assigned error.

McConnell was charged with first degree sexual assault of a child, specifically that he, being a person at least 19 years of age, subjected a person under 12 years of age to sexual penetration. See Neb. Rev. Stat. § 28-319.01(1)(a) (Reissue 2016). McConnell does not assign that the State failed to prove the ages of the parties or that he subjected the victim to sexual penetration. Rather, his sole assignment of error as it relates to the sufficiency of the evidence is that the State failed to prove that the crime occurred on, about, or between May 25 and June 2, 2022, the dates charged in the information. However, the date on which the conduct occurred is not a substantive element of the crime of first degree sexual assault of a child. See *State v. Samayoa, supra.*

In *State v. Samayoa*, at 343, 873 N.W.2d at 456, the Nebraska Supreme Court stated:
In the case of sexual assault of a child, the statutes involved do not make the time or date of the offense an element of the crime. Sections 28-319.01(1) and 28-320.01 require proof that the sexual penetration or sexual contact occurred when the defendant and victim were certain ages. But they do not require proof that such event occurred on a specific date. We therefore conclude that the exact date of commission is not a substantive element of first, second, or third degree sexual assault of a child.

Because the date on which the offense occurred is not a substantive element of the crime of first degree sexual assault of a child, this assignment of error fails.

*Evidentiary Issues.*

McConnell assigns that the district court erred when it overruled his objections to evidence that violated Rules 401, 402, 403, and 404 of the Nebraska Rules of Evidence. However, he makes only one statement in the argument section of his brief that "the evidence the defense objected to [was] inadmissible under Rule 401, 402, and 403." Brief for appellant at 30. He provides no analysis of how rules 401, 402, and 403 apply to the subject of the protection order and bar admission of evidence concerning it. An argument that does little more than restate an assignment of error does not support the assignment, and an appellate court will not address it. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). McConnell does provide an analysis of rule 404 and how he believes it applies to the facts of this case. Therefore, we will address whether the admission of the evidence was in violation of rule 404.

Rule 404 governs the admissibility of character evidence and prior bad acts. See Neb. Rev. Stat. § 27-404 (Cum. Supp. 2022). McConnell argues that because the State indicated it was using the protection order evidence for purposes of impeachment, rule 404(2) "other bad acts" was implicated. Brief for appellant at 30. McConnell alleges that regardless of the stated intent, the State's purpose was "to dirty up [McConnell's] family by showing they were trying to use [Blanco's] young son [] to pressure [her] into somehow getting the case against McConnell dismissed." *Id*. at 27. We disagree that such evidence violated rule 404.

On direct examination, Blanco discussed that when H.E. disclosed the allegations, she stated McConnell used a phrase that was significant to Blanco because McConnell used this phrase in his relationship with Blanco. But on cross-examination, she confirmed that she had contacted police and told them she believed McConnell was innocent, then contacted police and told them she believed H.E., but later requested the State to drop the charges.

On redirect examination, the State sought to introduce evidence that Blanco felt threatened by McConnell and members of his family to explain why she made different statements to the police. The testimony about the protection order was not being used to show a character trait or bad act of McConnell or his family members, or that they acted in conformity therewith. Rule 404 did not apply to this evidence and admitting it did not violate rule 404.

However, even if the district court had admitted this testimony in error, it would not be reversible error. In a bench trial of a law action, including a criminal case tried without a jury, erroneous admission of evidence is not reversible error if other relevant evidence, admitted without objection or properly admitted over objection, sustains the trial court's factual findings necessary for the judgment or decision reviewed; therefore, an appellant must show that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through the use of erroneously admitted evidence in a case tried without a jury. *State v. Thompson*, 278 Neb. 320, 770 N.W.2d 598 (2009). The appellant must show that the trial court made a finding of guilt based exclusively on the erroneously admitted evidence. *Id*.

Here, properly admitted evidence at trial showed that H.E. was under 12 years of age, McConnell was at least 19 years of age, and that McConnell subjected the victim to sexual penetration. There is nothing in the record that would suggest that the district court found McConnell guilty because he allegedly beat Blanco's dog, or because his family allegedly

threatened Blanco, rather than because the evidence established his guilt. This assignment of error fails.

CONCLUSION

Because the date on which the crime occurred is not a substantive element of first degree sexual assault of a child, and the district court did not err in admitting evidence related to the protection order, we affirm the judgment of the district court.

AFFIRMED.