STATE OF NEBRASKA, APPELLEE, V.
MONTE G. SIDDENS, APPELLANT.

642 N.W.2d 791

Filed April 19, 2002.   No. S-01-918.

Dennis R. Keefe, Lancaster County Public Defender, and Paul E. Cooney for appellant.

Don Stenberg, Attorney General, and George R. Love for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## NATURE OF CASE

Monte G. Siddens was charged with first degree murder and use of a deadly weapon to commit a felony in connection with the January 28, 2000, death of Gary L. Jones. Jones, a clerk at a retail gun store and pawnshop in Lincoln, Nebraska, was killed when he exchanged gunfire with Siddens, who was attempting to rob the store.

On June 28, 2001, pursuant to a plea agreement, Siddens pled guilty to first degree murder and the State agreed to dismiss the charge of use of a deadly weapon to commit a felony. The State

further agreed that it would not offer any evidence of statutory aggravating circumstances at the sentencing proceeding. On July 23, the Lancaster County District Court sentenced Siddens to life imprisonment. Siddens appeals.

## ASSIGNMENT OF ERROR

Siddens asserts that he was "denied due process and effective assistance of counsel, contrary to the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 3 and 11, of the Constitution of the State of Nebraska."

## STANDARD OF REVIEW

Errors that are assigned but not argued will not be addressed by an appellate court. *State v. Dunster*, 262 Neb. 329, 631 N.W.2d 879 (2001).

## ANALYSIS

Siddens assigns as error that he was denied due process and effective assistance of counsel. However, in his brief, Siddens fails to set forth any arguments as to how his due process rights were violated. Siddens also does not provide any arguments as to what his trial counsel did or failed to do that would constitute ineffective assistance of counsel. Errors that are assigned but not argued will not be addressed by an appellate court. *State v. Dunster, supra; State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001); *State v. Spurgin*, 261 Neb. 427, 623 N.W.2d 644 (2001).

## CONCLUSION

For the foregoing reasons, we do not address Siddens' assignment of error. We therefore affirm Siddens' conviction and sentence.

AFFIRMED.