782 N.W.2d 37 (2010)
18 Neb. App. 338
STATE of Nebraska, appellee,
v.
Andrew J. MARTIN, appellant.
No. A-09-648.
Court of Appeals of Nebraska.
April 13, 2010.
*38 Mark E. Rappl, Lincoln, for appellant.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
IRWIN, CARLSON, and MOORE, Judges.
CARLSON, Judge.

INTRODUCTION
Andrew J. Martin appeals his convictions in the district court for Lancaster County of driving under the influence of alcohol (DUI), third offense, and refusal to submit to a chemical test. For the reasons set forth below, we reverse, and remand with directions to dismiss the convictions.

BACKGROUND
On August 31, 2008, at approximately 6:11 a.m., Officer Michael Schmidt of the *39 Lincoln Police Department was dispatched to the area of 46th and Cleveland Streets in Lincoln, Nebraska, in reference to "suspicious parties." On his arrival, Schmidt observed three men standing near a vehicle parked on the west side of 46th Street facing southbound. No one was in the vehicle. Schmidt testified at trial that there was nothing suspicious in the manner in which the vehicle was parked. Schmidt observed damage to the front and passenger side of the vehicle, including a blown tire and a missing side-view mirror.
Schmidt asked the three males standing near the vehicle which one of them was the operator of the vehicle. Martin told Schmidt that the vehicle belonged to him and that he had been driving the vehicle when he reached down to change the music in his stereo. The vehicle hit the curb, causing the tire to blow, and then struck several mailboxes. Martin indicated that the accident happened at a different location from where the vehicle was parked.
During Schmidt's contact with Martin, he observed that Martin had a strong odor of alcohol about his person, that his eyes were bloodshot, that his speech was slurred, and that he was swaying and staggering when he walked. Schmidt testified that these observations of Martin indicated to him a presence of alcohol in Martin's system. Schmidt had Martin submit to a standardized field sobriety test, and the results indicated that Martin had been consuming alcohol. Martin refused to submit to any other field sobriety tests, including a preliminary breath test. At this juncture, Schmidt arrested Martin for DUI. Martin was transported to a detoxification center for a chemical test, where he was read the postarrest chemical test advisement form and refused to submit to a chemical test.
On December 5, 2008, an information was filed charging Martin with DUI, third offense, and refusal to submit to a chemical test. A bench trial was held on April 30, 2009. The only witness at trial was Schmidt. At the close of the State's evidence, Martin made a motion to dismiss on the ground that the State failed to establish a prima facie case of DUI. The district court overruled the motion, and Martin rested. The court found Martin guilty of the offenses charged beyond a reasonable doubt.
The court sentenced Martin to serve a 3-year term of intensive supervision probation, including a $1,000 fine, a 60-day jail sentence, and an 8-year license revocation.

ASSIGNMENT OF ERROR
Martin assigns that the trial court erred in finding that the State presented sufficient evidence to sustain a conviction for DUI.

STANDARD OF REVIEW
A conviction in a bench trial of a criminal case is sustained if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. State v. Thompson, 278 Neb. 320, 770 N.W.2d 598 (2009). In making this determination, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. Id.

ANALYSIS
Martin alleges that the State failed to present sufficient evidence to sustain a conviction for DUI. When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the *40 light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Thompson, supra. The elements of DUI which the State must prove beyond a reasonable doubt are (1) that Martin was operating or in actual physical control of a motor vehicle and (2) that he did so while under the influence of alcoholic liquor. See Neb. Rev.Stat. § 60-6,196 (Reissue 2004).
Martin argues that the State failed to prove either element of DUI. In regard to the first element, Martin contends that although he admitted to driving the vehicle, his admission in and of itself is insufficient to prove he was operating or in actual physical control of a motor vehicle, and that there was no evidence to corroborate his admission. Martin also argues that even if we conclude that the first element is met, there is insufficient evidence to establish the second element of DUI, that Martin operated the vehicle while under the influence of alcohol.
Assuming without deciding that the evidence was sufficient to prove that Martin operated the vehicle, we conclude that the evidence is insufficient to show that Martin was under the influence of alcohol when he did so. The evidence shows that Martin was intoxicated at the time Schmidt made contact with him around 6 a.m. and that Martin told Schmidt he had operated the vehicle and had an accident. However, there is no evidence of when Martin last operated the vehicle or when the accident occurred. Therefore, there is no evidence of Martin's impairment level, if any, at the time he was operating the vehicle.
Schmidt was dispatched to Martin's location based on a report of "suspicious parties" in the area. There was no mention of anyone driving a vehicle or of an accident. When Schmidt arrived at the scene, he observed three men standing near or around a vehicle, but no one was in the vehicle. Schmidt admitted that he did not know how long the vehicle had been parked at that location, that he did not know when the accident happened, and that he never saw Martin drive the vehicle. Further, there were no witnesses who saw Martin driving the vehicle or saw the accident.
The evidence provides no indication as to when Martin last operated his vehicle, and therefore, although Martin was intoxicated when contacted by Schmidt, there is no evidence that he was under the influence of alcohol at the time that he operated the vehicle. As a result, the evidence is insufficient to sustain Martin's conviction for DUI.
Where there has been insufficient evidence presented to convict a defendant in a first trial, the Double Jeopardy Clause "forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Because we have concluded that the evidence is insufficient to support a conviction, we conclude that the Double Jeopardy Clause prohibits the State from retrying Martin.

CONCLUSION
We conclude that the State failed to present sufficient evidence to sustain Martin's conviction for DUI, third offense, and for refusal to submit to a chemical test. The Double Jeopardy Clause prohibits the State from retrying him. Therefore, the convictions and the sentence of intensive supervision probation are reversed, and the cause is remanded with directions to dismiss.
*41 REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.