Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/25/2023 09:10 AM CDT

State of Nebraska, appellee, v.
Timothy A. Buol, appellant.

___ N.W.2d ___

Filed August 25, 2023.    No. S-22-739.

1. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.

2. ____: ____: ____. When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court.

3. **Trial: Convictions: Evidence: Appeal and Error.** An appellate court will sustain a conviction in a bench trial of a criminal case if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. In making this determination, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, evaluate explanations, or reweigh the evidence presented, which are within a fact finder's province for disposition. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

4. **Appeal and Error.** The filing of a statement of errors is simply a procedural tool designed to frame the issues to be addressed in the appeal to the district court.

5. **Courts: Appeal and Error.** The general rule is that when the district court acts as an appellate court, only those issues properly presented to and passed upon by the district court may be presented to a higher appellate court. In such circumstances, absent plain error, an issue raised for the first time in the Supreme Court or the Court of Appeals

will be disregarded inasmuch as the district court cannot commit error in resolving an issue never presented and submitted for disposition.

6. **Drunk Driving: Blood, Breath, and Urine Tests: Evidence: Proof.** A driving under the influence offense can be shown either by evidence of physical impairment and well-known indicia of intoxication or simply by excessive alcohol content shown through a chemical test.

7. **Drunk Driving: Blood, Breath, and Urine Tests: Proof.** Matters of delay between the operation or control of a vehicle and chemical testing are properly viewed as going to the weight of the evidence.

Appeal from the District Court for Lancaster County, ROBERT R. OTTE, Judge, on appeal thereto from the County Court for Lancaster County, TIMOTHY C. PHILLIPS, Judge. Judgment of District Court affirmed.

Jonathan M. Braaten and Megan Langin, Senior Certified Law Student, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, Erin E. Tangeman, and Braden Dvorak, Senior Certified Law Student, for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

HEAVICAN, C.J.

## INTRODUCTION

Timothy A. Buol appeals from the district court's order affirming his convictions and sentences for driving under the influence (DUI),[1] possession of an open alcoholic beverage container,[2] and careless driving[3] after a bench trial before the county court. Buol challenges the sufficiency of the evidence to sustain his convictions. We conclude that the district court did not err. Hence, we affirm.

---

[1] Neb. Rev. Stat. § 60-6,196 (Reissue 2021).

[2] Neb. Rev. Stat. § 60-6,211.08 (Reissue 2021).

[3] Neb. Rev. Stat. § 60-6,212 (Reissue 2021).

## BACKGROUND

*Bench Trial in County Court.*

At a bench trial before the county court, the State presented the testimony of a Lancaster County sheriff's deputy. The deputy testified that he was on general patrol when he responded to a reported accident at approximately 10 p.m. on October 25, 2020. When the deputy arrived at the reported intersection, he observed an ambulance on the scene and a vehicle that appeared to have slid off the road and into a ditch.

Relevant to this appeal, the deputy testified that he entered the ambulance and encountered Buol lying on a gurney with a "C-collar" around his neck. Buol told the deputy he was driving the vehicle and slid through the intersection. The deputy noticed the "overwhelming odor of alcoholic beverage" and asked Buol if he had consumed any alcoholic beverages that evening. Buol responded that he had before driving and that he had not consumed any additional alcohol since his vehicle slid off the road. The deputy then conducted horizontal and vertical gaze nystagmus tests. The tests indicated Buol was impaired and, in the deputy's opinion, under the influence of alcohol. Buol was transported to a hospital, where a blood draw was conducted sometime on October 26 after obtaining a warrant. The deputy later received a test result that showed Buol had a blood alcohol concentration (BAC) of .098.

In its written order, the county court found that the State had met its burden of proof and adjudged Buol guilty of the three counts: DUI, possession of an open alcoholic beverage container, and careless driving.

*Appeal in District Court.*

Buol appealed from the judgment of the county court to the district court. In doing so, Buol filed a statement of errors in the county court and assigned a single error: "1. Insufficient evidence to find [Buol] Guilty."

In the district court, Buol filed a brief styled in the format of a letter. In such brief, Buol argued only that there was

insufficient evidence to sustain his conviction for operating a motor vehicle while under the influence of alcohol. When the appeal came before the district court, no arguments were presented and the matter was submitted on the parties' briefing.

The district court concluded that the evidence presented at trial was sufficient to sustain Buol's DUI conviction and that no abuse of discretion or error was shown in the record. Accordingly, it affirmed the judgment of the county court. Buol filed a timely appeal, and we moved this case to our docket.[4]

## ASSIGNMENT OF ERROR

Buol assigns that the evidence was insufficient to support his convictions of (1) DUI, (2) possession of an open alcoholic beverage container, and (3) careless driving.

## STANDARD OF REVIEW

[1,2] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.[5] When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court.[6]

[3] An appellate court will sustain a conviction in a bench trial of a criminal case if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support that conviction.[7] In making this determination, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, evaluate explanations,

---

[4] See, Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022); Neb. Ct. R. App. P. § 2-102(C) (rev. 2022).

[5] *State v. Taylor*, 310 Neb. 376, 966 N.W.2d 510 (2021).

[6] *Id.*

[7] *Id.*

or reweigh the evidence presented, which are within a fact finder's province for disposition.[8] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[9]

## ANALYSIS

*Scope of Review.*

As a preliminary matter, the State argues that Buol's arguments concerning the sufficiency of the evidence related to his possession of an open alcoholic beverage container and careless driving are not properly before us. As noted above, Buol's statement of errors was filed in the county court and not in the district court.

[4] The filing of a statement of errors is simply a procedural tool designed to frame the issues to be addressed in the appeal to the district court.[10] Neb. Ct. R. § 6-1518 (rev. 2022) provides in relevant part:

> Within 10 days of filing the bill of exceptions in an appeal to the district court, the appellant shall file with the district court a statement of errors which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the cause will be limited to errors assigned, provided that the district court may, at its option, notice plain error not assigned.[11]

---

[8] *Id.*

[9] *Id.*

[10] *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018).

[11] See, also, Neb. Ct. R. § 6-1452 (rev. 2023) (stating Neb. Ct. R. § 6-1518 governs statement of errors requirement in appeals taken from county court).

We have previously analogized the filing of a statement of errors with separately stated assignments of error.[12] Under that rule, any party who fails to properly identify and present its claim does so at its own peril.[13] Depending on the particulars of each case, failure to comply with the mandates of § 2-109(D) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all.[14] In reviewing a judgment of a county court, a district court has similar discretion.

[5] The general rule is that when the district court acts as an appellate court, only those issues properly presented to and passed upon by the district court may be presented to a higher appellate court.[15] In such circumstances, absent plain error, an issue raised for the first time in the Supreme Court or the Court of Appeals will be disregarded inasmuch as the district court cannot commit error in resolving an issue never presented and submitted for disposition.[16]

Before the district court, Buol argued only that there was insufficient evidence to sustain his DUI conviction. Likewise, the State's response concerned only his DUI conviction. As a result, the district court exercised its discretion, waived Buol's failure to file a statement of errors, and reviewed the sufficiency of the evidence of his DUI conviction. On that basis, we decline to review the sufficiency of the evidence

---

[12] See *Houser v. American Paving Asphalt, supra* note 10. See, also, Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2022).

[13] *County of Lancaster v. County of Custer*, 313 Neb. 622, 985 N.W.2d 612 (2023).

[14] *Id.*

[15] See, *In re Estate of Trew*, 244 Neb. 490, 507 N.W.2d 478 (1993); *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985). See, also, *State v. Kubin*, 263 Neb. 58, 638 N.W.2d 236 (2002); *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990).

[16] See, *In re Estate of Trew, supra* note 15; *Haeffner v. State, supra* note 15. Cf. *State v. Taylor, supra* note 5.

for Buol's possession of an open alcoholic beverage container and careless driving convictions, and we consider only whether the district court erred in affirming Buol's DUI conviction.

*Sufficiency of Evidence for DUI Conviction.*

[6] Under § 60-6,196, to warrant a conviction for DUI, the essential elements the State must prove beyond a reasonable doubt are (1) that the defendant was operating or was in actual physical control of a motor vehicle and (2) that at the time the defendant did so, he or she was either under the influence of alcoholic liquor or any drug, or had a physical alcohol concentration in excess of the legal limits.[17] A DUI offense can be shown either by evidence of physical impairment and well-known indicia of intoxication or simply by excessive alcohol content shown through a chemical test.[18] The district court concluded that the evidence presented at trial was sufficient to prove that Buol was operating a motor vehicle while under the influence of alcohol. We agree.

At the bench trial, the deputy testified to the deputy's observations of Buol's physical impairment and well-known indicia of intoxication, including Buol's performance on the horizontal and vertical gaze nystagmus tests and the presence of the odor of alcohol, which established that Buol was under the influence of alcohol when the deputy arrived. Thereafter, chemical testing showed that Buol had a BAC greater than the legal limit. However, Buol argues that insufficient evidence was presented to prove these elements *at the time* he was operating or in actual physical control of a motor vehicle. In support, Buol cites *State v. Martin*[19] and contends that no evidence was adduced that established any timeframe based on the deputy's arrival on the scene.

---

[17] See *State v. Grutell*, 305 Neb. 843, 943 N.W.2d 258 (2020).

[18] *State v. Kuhl*, 276 Neb. 497, 755 N.W.2d 389 (2008).

[19] *State v. Martin*, 18 Neb. App. 338, 782 N.W.2d 37 (2010).

In *Martin*, an officer was dispatched to an area in reference to "'suspicious parties,'" where he observed a group of people standing near a vehicle drinking beer, one of whom was the defendant.[20] When the officer arrived, no one was in the vehicle and there was nothing suspicious about the way the vehicle was parked. The officer observed damage to the front and passenger side of the vehicle, including a blown tire and a missing side-view mirror. The defendant admitted to the officer that he had been driving the vehicle when his vehicle struck a curb and several mailboxes at a different location. While interacting with the defendant, the officer observed well-known indicia of intoxication displayed by the defendant. In that case, the Nebraska Court of Appeals found that at trial, no evidence was presented of the defendant's impairment level when he was operating the vehicle. Indeed, no evidence was adduced that suggested when the defendant was driving his vehicle or whether the defendant had consumed any alcoholic beverages at that time.

The Court of Appeals did not address the limits of establishing a timeframe to draw a rational inference that the crime was committed beyond a reasonable doubt in *Martin*, but Buol's case is readily distinguishable. The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[21]

Unlike *Martin*, the deputy came into contact with Buol at the scene where his vehicle was in a ditch, no evidence was presented that suggests another individual may have been driving, Buol showed visible signs of being intoxicated, and subsequent chemical testing showed Buol's BAC was in excess of the legal limits. Further, the deputy testified that Buol admitted to consuming alcoholic beverages before driving

---

[20] *Id.* at 339, 782 N.W.2d at 39.

[21] See *State v. Taylor, supra* note 5.

his vehicle and a lack of consumption after his vehicle slid off the road. While Buol was no longer in his vehicle at the time of the deputy's arrival, and no evidence was presented to establish a precise timeframe, when viewing the evidence in the light most favorable to the prosecution, a rational inference could be drawn that Buol was intoxicated at the time he was operating or in actual physical control of the vehicle. The lack of a precise timeframe does not prevent a finder of fact from inferring a timeframe. It is a matter of the weight of the evidence.

For example, in *State v. Blackman*,[22] we found sufficient evidence existed to sustain the defendant's DUI conviction when the officer arrived at the scene 15 to 20 minutes after receiving a report that a vehicle was observed in a roadside ditch and the officer observed symptoms of intoxication almost immediately upon encountering the defendant. Under those circumstances, we held that any question of delay between the operation or control of a vehicle and chemical testing went to the weight of the evidence. We concluded that it could "reasonably be inferred that the deputy found [the defendant] where he had come to rest after losing control of his motorcycle and that [the defendant's] state of intoxication at that time existed when he last operated the motorcycle on the county road."[23]

[7] Similarly, in *State v. Dinslage*,[24] we reaffirmed our earlier precedent that matters of delay between the operation or control of a vehicle and chemical testing are properly viewed as going to the weight of the evidence. In that case, the defendant argued that because of the significant amount of alcohol that the defendant consumed at "'last call,'"[25] the chemical

---

[22] *State v. Blackman*, 254 Neb. 941, 580 N.W.2d 546 (1998).

[23] *Id.* at 949, 580 N.W.2d at 551.

[24] See *State v. Dinslage*, 280 Neb. 659, 789 N.W.2d 29 (2010) (citing *State v. Kubik*, 235 Neb. 612, 456 N.W.2d 487 (1990)).

[25] *Id.* at 661, 789 N.W.2d at 32.

testing, which was conducted approximately 50 minutes after being stopped by law enforcement, was insufficient to establish that the defendant had a BAC in excess of the legal limits when the defendant was operating the vehicle at the time of her stop. The timing of the defendant's consumption and subsequent chemical testing was an issue of the weight of the evidence to be resolved by the finder of fact, which the trial court resolved in rendering its verdict.

"A fact may be proved by direct evidence alone; by circumstantial evidence alone; or by a combination of the two."[26] In Buol's case, sufficient circumstantial evidence was presented for a rational trier of fact to have found beyond a reasonable doubt that Buol was under the influence of alcoholic liquor or had a physical alcohol concentration in excess of the legal limits at the time he was operating or was in actual physical control of a motor vehicle. Accordingly, the evidence was sufficient to support his DUI conviction.

## CONCLUSION

Sufficient evidence was presented at trial to sustain Buol's DUI conviction, and we therefore affirm.

AFFIRMED.

---

[26] NJI2d Crim. 5.0. See *State v. Miranda*, 313 Neb. 358, 984 N.W.2d 261 (2023).