IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. STOKES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

GARY L. STOKES, APPELLANT.

Filed April 16, 2024.   No. A-23-435.

Appeal from the District Court for Douglas County: MOLLY B. KEANE, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Kyle J. Flentje, of Flentje Law, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

MOORE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

### INTRODUCTION

After a jury trial, Gary L. Stokes was convicted of operating a motor vehicle during revocation, second offense, and possession of a controlled substance. Stokes appeals, alleging that there was insufficient evidence to warrant his conviction for operating a motor vehicle during revocation. He also alleges that the district court imposed an excessive sentence. For the reasons set forth below, we affirm in part, and in part vacate and remand to the district court.

### BACKGROUND

On February 3, 2022, Officers Brock Rengo and Aaron Lier of the Omaha Police Department were conducting routine patrol in a marked police car. Rengo was driving the police cruiser, and Lier was in the front passenger seat. At the intersection of South 24th and F streets, the officers were stopped at a traffic light. Across the intersection, a blue minivan was also stopped

- 1 -

at the light. As part of their standard practice when on patrol, Lier conducted a registration check on the minivan's license plates. He discovered that the vehicle was improperly plated. The plates were registered to a white Chrysler Concord, but the minivan was a blue Dodge Caravan.

When the light turned green, the Caravan proceeded through the intersection, giving the officers a better view of the driver. They observed that the driver was an older white male with gray shaggy hair, a goatee, and a slender build. Rengo observed that the driver had both hands on the steering wheel, looked directly ahead of the Caravan, and did not pay any attention to the police cruiser. Rengo found this behavior odd and believed the driver was intentionally avoiding any interaction with the police.

Rengo made a U-turn at the intersection to follow the Caravan. The Caravan proceeded down the road to an on-ramp for U.S. Highway 75. As the Caravan turned onto the on-ramp, Rengo conducted a stop by activating the police cruiser's lights. After the lights were activated, the Caravan stopped. As both officers exited the police cruiser and approached the Caravan, they observed the vehicle shaking back and forth. Rengo approached the driver's side rear window and observed a man laying in between the back seats. Lier began engaging with the man, telling him to show his hands, which he did. Meanwhile, Rengo addressed a woman who was in the driver's seat. The woman was not wearing a seatbelt. Rengo told the woman to unlock the vehicle doors, but she was unable to comply. Rengo observed that she was acting like she was not familiar with the controls of the vehicle.

Eventually, the vehicle was unlocked. The officers identified the woman as Jean Nesci-Dean and the male as Stokes. For safety purposes, Stokes was removed from the vehicle and placed in handcuffs. Both officers testified that Stokes was the person that they had seen driving the Caravan and that Nesci-Dean was not driving the vehicle when they initially saw it at the intersection. Nesci-Dean had long brown hair, wore glasses, did not have facial hair, and was heavier built than the male driver. Lier told Stokes that he had been driving when the stop was initiated. Both Nesci-Dean and Stokes denied that Stokes had been driving the vehicle. They told the officers that Stokes was reaching into the back of the van to grab a soda. Stokes did attempt to convince the officers to charge him with trespassing rather than a traffic related offense.

An identification check revealed that Stokes' driving privileges were revoked. Based on this information, the officers arrested Stokes and transported him to the Douglas County jail. Stokes was searched at the jail, and a baggie containing methamphetamine was found in his pants pocket. The events beginning 30 seconds prior to the activation of the cruiser's emergency lights were captured on video either by the officers' body worn cameras or the police cruiser's video recorder. The initial sighting of Stokes driving the vehicle through the intersection was not captured on video.

On March 8, 2022, the State filed an information in the district court for Douglas County charging Stokes with operating a motor vehicle during revocation, second offense, a Class IIA felony, pursuant to Neb. Rev. Stat. § 60-6,197.06(2) (Cum. Supp. 2020), and possession of a controlled substance, a Class IV felony, pursuant to Neb. Rev. Stat. § 28-416(3) (Supp. 2023). Stokes filed a motion to suppress, asking the court to suppress all evidence obtained as a result of his unlawful detention and seizure. The district court overruled the motion.

A jury trial was held on March 15 through March 17, 2023. Rengo and Lier testified to the above events. Both officers testified that Stokes was the man who they observed driving the vehicle

prior to the stop. The State offered various exhibits including recordings from the officers' body worn cameras and the police cruiser's video recorder. A molecular analyst for the Nebraska Public Service Laboratory also testified that the substance found in Stokes' pocket was amphetamine. The State then rested. Stokes made a motion to dismiss, arguing that the State did not reach its burden to prove beyond a reasonable doubt either of the two charges against him. The court overruled the motion.

Stokes called two witnesses in his defense. Nesci-Dean testified that she, not Stokes, had been driving the Caravan on February 3, 2022. Antonio Valencia, Stokes' acquaintance, testified that Nesci-Dean and Stokes had visited his home on February 3 prior to Stokes' arrest. As Nesci-Dean and Stokes were leaving, Valencia observed Stokes getting into the Caravan on the front passenger side. The defense then rested. After closing arguments, the case was submitted to the jury. On March 17, 2023, the jury found Stokes guilty of driving under revocation and possession of methamphetamine. The court received the verdict and found that the driving under revocation conviction was a second offense. The court ordered a presentence investigation report (PSR) and scheduled sentencing for May 31, 2023.

The PSR revealed that, at the time of sentencing, Stokes was 58 years old with some college education. Stokes admitted to abusing alcohol and methamphetamine. Stokes' criminal history spans over 40 years and covers multiple jurisdictions. His convictions include domestic assault, several DUIs, refusal to submit to a DUI test, possession of a controlled substance, and aggravated stalking. Testing revealed that Stokes was a very high risk for recidivism and presented as a danger to the community.

Sentencing occurred on May 31, 2023. Each party was given an opportunity to argue its position on sentencing. When the issue was submitted, the court noted that it had reviewed the PSR and had considered the factors set forth in the relevant Nebraska statutes as well as Stokes' age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct, the motivation for the offense, the nature of the offense, and the amount of, if any, violence involved in the commission of the offense. The court found Stokes' lengthy criminal history particularly concerning, as well as his testing results that indicated he was not a strong candidate for community supervision. The court also noted that Stokes had been released from incarceration on a prior charge on January 9, 2022, and he committed his current offenses less than 1 month later. On count one, operating a vehicle during revocation, second offense, the court sentenced Stokes to a period of incarceration of 3 to 5 years. On count two, possession of a controlled substance, the court sentenced Stokes to 1 year of incarceration. The sentences were ordered to run concurrently. In addition, Stokes' license was revoked for a period of 15 years.

Stokes appeals.

## ASSIGNMENTS OF ERROR

Stokes assigns, summarized and restated, that (1) there was insufficient evidence to warrant his conviction of operating a motor vehicle during revocation and (2) the district court imposed an excessive sentence.

STANDARD OF REVIEW

Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Tvrdy*, 315 Neb. 756, 1 N.W.3d 479 (2024).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id.* An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

ANALYSIS

*Sufficiency of Evidence.*

Stokes challenges the sufficiency of the evidence to support the jury's decision to find him guilty of operating a motor vehicle during revocation. We note that Stokes does not challenge the enhancement of the offense to a second offense. Section 60-6,197.06(1) provides that any person who operates a motor vehicle while his or her operator's license has been revoked pursuant to specified statutes is guilty of driving during a revocation period. At trial, the parties stipulated that Stokes' driving privileges had been revoked pursuant to the relevant statutes. In his brief on appeal, Stokes does not contest the fact that at the time of the incident, his driving privileges were revoked. Nor does he contest the fact that he had a prior conviction for operating a motor vehicle during a revocation period. Instead, Stokes simply contends that no rational fact finder could find that Stokes operated the Caravan on February 3, 2022.

Viewing the evidence in a light most favorable to the State, we conclude that a rational fact finder could find that Stokes was operating the Caravan on February 3, 2022. The evidence establishes that both officers observed Stokes driving the Caravan at the intersection. When the officers conducted the stop, they noticed that the Caravan began shaking. As the officers approached the Caravan's windows, they observed Stokes laying down in between the seats while Nesci-Dean sat in the driver's seat, unbuckled. This evidence, viewed and construed most favorably toward the State, is sufficient for a rational fact finder to conclude that Stokes was initially driving the vehicle, but moved into the back floor area when the officers conducted the stop.

Stokes argues that the testimony from Nesci-Dean and Valencia was consistent with his theory of the case that he was never driving, but rather was in the back of the Caravan to get a soda. We reiterate that when analyzing sufficiency of the evidence, appellate courts do not resolve conflicts in the evidence or pass on the credibility of witnesses. See *State v. Buol*, 314 Neb. 976, 994 N.W.2d 98 (2023). Ultimately, the jurors found the testimony of the officers credible and rejected the testimony of Stokes' witnesses. Pursuant to our longstanding precedent, we decline to review the credibility findings of the jury who heard and observed the witnesses' testimonies. The

- 4 -

evidence offered at trial was sufficient to support Stokes' conviction for operating a motor vehicle during revocation.

*Excessive Sentence.*

Stokes argues that the sentences imposed by the district court were excessive. Stokes was found guilty of a Class IIA felony and a Class IV felony. The district court sentenced him to 3 to 5 years' incarceration on the Class IIA felony and 1 year of incarceration on the Class IV felony. Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016) states that,

> For any sentence of imprisonment for a Class . . . IV felony . . . imposed consecutively or concurrently with . . . a sentence of imprisonment for a Class . . . II, or IIA felony, the court shall impose an indeterminate sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204.

In this case, the sentence for the Class IV felony should have been indeterminate because it was imposed concurrently with a Class IIA felony sentence. Therefore, the sentence imposed for Stokes' conviction of possession of a controlled substance is vacated and the cause is remanded to the district court for resentencing. We review below Stokes' excessive sentence claim only as it relates to his conviction for operating a motor vehicle during revocation, second offense.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Lara*, 315 Neb. 856, 2 N.W.3d 1 (2024). When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Stokes does not and cannot contest that his sentence of 3 to 5 years' incarceration is within the statutory limits for a Class IIA felony, which is punishable by up to 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Therefore, we review this sentence for an abuse of discretion only. Stokes argues that the court failed to consider the sentencing factors of Neb. Rev. Stat. § 29-2260 (Reissue 2016), specifically that there was "no harm done here," and that these were victimless crimes. We disagree.

The record reflects that the district court considered all relevant factors when determining Stokes' sentence. Although no one was hurt as a result of the present crime, Stokes has a long history of convictions for driving offenses that have endangered the public. Moreover, he possessed a controlled substance while he was driving in the present case. The court considered Stokes' lengthy criminal history and his testing results that indicated he was not a strong candidate for community supervision. Further, Stokes had been released from incarceration on a prior charge on January 9, 2022, and then committed his current offenses less than 1 month later. We find no

abuse of discretion in the sentence imposed for operating a motor vehicle during revocation, second offense.

## CONCLUSION

For the reasons stated above, we affirm Stokes' convictions and his sentence for operating a motor vehicle during revocation, second offense. We vacate his sentence for possession of a controlled substance and remand that charge to the district court for resentencing.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.