IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MOLINA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CRISTIAN E. MOLINA, APPELLANT.

Filed March 25, 2025.    No. A-24-697.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge, on appeal thereto from the County Court for Lancaster County, THOMAS E. ZIMMERMAN, Judge. Judgment of District Court affirmed.

Matt Catlett for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and PIRTLE and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Cristian E. Molina was convicted of driving under the influence (DUI), third offense, in the Lancaster County Court. Molina appealed to the district court where he challenged the county court's acceptance of his no contest plea and alleged that his sentence was excessive. The district court affirmed the county court's judgment and sentence. In this further appeal, Molina alleges only that his sentence was excessive. For the reasons set forth below, we affirm.

BACKGROUND

On October 24, 2022, the State filed a complaint in the county court charging Molina with interlock violation, a Class IV felony. The State filed two amended complaints, and the second, controlling amended complaint charged Molina with DUI, third offense, a Class W misdemeanor. A plea hearing was held on February 9, 2023. Our record does not contain a bill of exceptions

- 1 -

from that hearing. However, we can deduce from the record that the court accepted a plea of no contest from Molina, found him guilty of DUI, and further found that the offense was a third offense. Sometime thereafter, the court sentenced Molina.

An appeal was subsequently made to the district court for Lancaster County. The district court ultimately found that at the plea hearing, the county court did not actually elicit a plea from Molina. Thus, Molina's sentence was vacated, and the matter was remanded to the county court due to the lack of a plea being entered.

A new plea hearing was held by the county court on September 29, 2023. The court advised Molina of his rights, including the rights he would be waiving by entering a guilty plea or a plea of no contest. Molina indicated that he understood and entered a plea of no contest. The State then provided exhibits 1, 2, 3, and 7 in support of its factual basis. Exhibit 1 is a written stipulation signed by Molina, Molina's attorney, and the State. It states that on October 1, 2022, Officer Edward Walters of the Lincoln Police Department was sent to West Furnas Avenue to investigate a loud music complaint. Upon his arrival, Walters made contact with Molina, who was in the driver's seat of a running motor vehicle. Walters observed that Molina was under the influence of alcohol and administered a breath test. The test results showed that Molina had a concentration of .113 of a gram of alcohol per 210 liters of breath.

Exhibit 2 contains relevant police report records, including a citation and complaint form, a DUI field observation report, and a sworn report from Walters. Exhibit 3 contains photos of the area where Walters made contact with Molina. Exhibit 7 contains several video files that depict Walters' encounter with Molina on October 1, 2022. The videos show that the vehicle Molina was operating was parked partially on the street and partially on a private driveway. Shortly after arriving on the scene, Walters approached the vehicle, which was running and emitting music at a high volume. Walters shined his flashlight into the interior of the vehicle and discovered Molina asleep in the driver's seat. In an attempt to wake Molina up, Walters knocked on the driver side door repeatedly with increasing force and used a strobe light effect on his flashlight. Molina did not react or respond to these actions.

Another officer arrived at the scene and discovered that the front passenger door was unlocked. The officers then gained access to the interior of the vehicle and woke Molina up. Walters observed that Molina's eyes were bloodshot and that he smelled like alcohol. Molina admitted to Walters that he had been drinking earlier in the evening. After a field sobriety test and a breath test, Molina was placed under arrest.

The court received exhibits 1, 2, 3, and 7 without objection. The court noted that since exhibit 7 had been substituted for exhibit 4, which was received at the first plea hearing, it was necessary for the court to review exhibit 7 before finding that a factual basis existed. Thus, the court took the matter under advisement. Before the conclusion of the hearing, the court and the State engaged in the following exchange:

THE COURT: Now, I still have before me Exhibits 5 and 6, but those are for enhancement and those. . . .

[THE STATE]: Yes, sir.

THE COURT: What are we doing with those? Do you want to take those up at the time of sentencing if -- if that occurs?

[THE STATE]: Yes. Yes, Your Honor. If that occurs, if the court makes a finding that there is a sufficient factual basis as part of the plea and we get to the point of sentencing, then the [S]tate would re-offer 5 and 6 for enhancement.

Molina did not object to this arrangement. From the context of the conversation between the court and the parties, it appears clear that exhibits 5 and 6 were received for purposes of enhancement at the original sentencing hearing.

On October 26, 2023, the county court accepted Molina's no contest plea and found Molina guilty of DUI. At Molina's request, the court immediately proceeded to the enhancement portion of the hearing. The following exchange then occurred:

THE COURT: You know, there is one further issue, I guess, and that is that we need to address enhancement, I think, again, having gone through this process, essentially --

[DEFENSE COUNSEL]: I th- -- yeah.

THE COURT: -- over again.

[DEFENSE COUNSEL]: [The State] and I talked about that, and I thought that [the State] offered -- that among the exhibits that were received were the priors.

THE COURT: He did.

[DEFENSE COUNSEL]: So, they've been received.

THE COURT: Okay.

The court then made its findings regarding enhancement. The court found that Molina had two valid prior DUI convictions and concluded that the present conviction should be enhanced, thus constituting third offense DUI.

The court sentenced Molina to a 36-month term of probation, which included a 30-day jail term and a $1,000 fine. The court also revoked his license for 5 years but allowed Molina to apply for an ignition lock permit after 45 days of revocation. At no point during the hearing did Molina, who has been represented by the same counsel throughout these proceedings, object to the enhancement or to the sentence imposed based on an argument that there was no evidence before the court of prior convictions.

Molina appealed to the district court. In his statement of errors, he assigned that the county court erred in (1) accepting his plea of no contest and (2) imposing an excessive sentence. No briefs were filed by either party, and no oral argument was requested or held on the matter. The district court found that the factual basis adduced was sufficient to support the conviction and that the sentence was not excessive. Thus, the district court affirmed the county court's judgment and sentence.

Molina now appeals to this court.

ASSIGNMENTS OF ERROR

Molina assigns that the district court erred in finding that his sentence was not excessive. He argues that his sentence was excessive because (1) there was no evidence of his prior convictions in the record, or alternatively (2) the circumstances of the offense called for a shorter revocation of his operator's license.

STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Kalita*, 317 Neb. 906, 12 N.W.3d 499 (2024). When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court. *Id.*

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426, (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

ANALYSIS

*Evidence of Prior Convictions.*

Molina assigns that the district court erred in concluding that his sentence was not excessive because the State did not provide evidence of his prior DUI convictions to justify the sentence enhancement. He argues that although it was clearly the State's intent to adduce evidence of those convictions, "the record does not contain any such evidence, or at least *appear* to contain such evidence." Brief for appellant at 11 (emphasis in original). The State contends that this issue is not properly before this court because Molina did not raise it in the district court. Alternatively, the State argues that Molina invited the county court to commit this error, i.e., to convict him of DUI, third offense, without receiving evidence of his prior DUI convictions.

We begin by analyzing the State's argument that this issue is not properly before us. The general rule is that when the district court acts as an appellate court, only those issues properly presented to and passed upon by the district court may be presented to a higher appellate court. *State v. Buol*, 314 Neb. 976, 994 N.W.2d 98 (2023). In such circumstances, absent plain error, an issue raised for the first time in the Nebraska Supreme Court or the Nebraska Court of Appeals will be disregarded inasmuch as the district court cannot commit error in resolving an issue never presented and submitted for disposition. *Id.*

When Molina appealed to the district court, he assigned that the county court erred in (1) accepting his plea of no contest and (2) imposing an excessive sentence. No brief was filed wherein he identified the specific reasons why he believed his sentence was excessive, nor did he request oral argument.

Any attempt to argue that this issue was properly raised under Molina's original excessive sentence assignment is without merit. We acknowledge that on appeal to this court, Molina has presented this issue as a component of his overall excessive sentence assignment of error. However, at its core, the issue raised is not a sentencing issue, but rather is an attack on whether the offense could be (or was) enhanced to a third offense based on the record. We find that this is an enhancement issue. Therefore, since Molina did not raise any enhancement issues in his statement of errors to the district court, he cannot raise it for the first time before this court.

We further note that Molina now complains of a problem which he, through counsel, was instrumental in creating. During the enhancement portion of the hearing, the court sought to have

evidence adduced regarding prior convictions. Molina's counsel interjected that he and the State had conferred on the issue. He then stated that the State had previously offered the necessary exhibits to prove that he had two prior DUI convictions and that the court had received those exhibits. Based on those representations, the county court found that the present offense was his third DUI offense. The court then proceeded to sentence Molina.

At no point in the hearing, whether before, during, or after the sentence was pronounced, did Molina contend that the applicable sentencing range should be based on a conviction for first offense DUI. Thus, we find Molina's attempt to raise an issue with the State's evidence at this point in the proceedings unpersuasive. Under the invited error doctrine, a defendant in a criminal case may not take advantage of an alleged error which the defendant invited the trial court to commit. *State v. Space*, 312 Neb. 456, 980 N.W.2d 1 (2022). Here it is clear that Molina, through counsel, induced the court to forego the reintroduction of the exhibits containing evidence of his prior convictions. It is clear from the totality of the bill of exceptions that those exhibits had been received and examined by the court in the original enhancement and sentencing hearing, prior to the remand from the district court. It is unclear why Molina's counsel represented to the court that the exhibits had been received at the hearing we now review. He may have believed that the reoffer was unnecessary in view of their being admitted in the original hearing. Alternatively, he may have simply experienced a lapse of memory with regard to whether they had been offered and admitted in the more recent plea hearing. In either event, the representations of Molina's counsel were directly responsible for the court failing to require the State to reoffer the exhibits. Therefore, having invited the court to commit error, Molina cannot now benefit from that error.

*Circumstances of Offense.*

Molina alternatively assigns that the district court erred in finding that the county court did not impose an excessive sentence when it revoked his license for 5 years. He maintains that the circumstances of the offense called for a shorter revocation period because the vehicle was parked on a residential driveway, and he did not operate the vehicle on highways "or anywhere else." Brief for appellant at 13. We find no abuse of discretion.

Molina does not dispute that his sentence was within the statutory limits. Molina was convicted of DUI, less than 0.15, with two prior convictions, in violation of Neb. Rev. Stat. §§ 60-6,196 and 60-6,197.03(4) (Reissue 2021), making his conviction a Class W misdemeanor. A Class W misdemeanor, third conviction, has a maximum of 1 year's imprisonment and a $1,000 fine and a mandatory minimum of 90 days' imprisonment and a $1,000 fine. Neb. Rev. Stat. § 28-106 (Reissue 2016).

Under § 60-6,197.03(4), if the court places a defendant on probation or suspends the sentence for any reason, the court must still impose a minimum sentence of 30 days' imprisonment and a $1,000 fine. In addition, the court must require that the defendant's operator's license be revoked for a period of at least 2 years but not more than 15 years from the date ordered by the court. However, the court can allow the defendant to apply for a permit to drive with an interlock device after at least 45 days of revocation. *Id.* Molina's sentence of 36 months' probation, which included 30 days' incarceration, a $1,000 fine, and a 5-year license revocation period with the opportunity to seek an ignition lock permit after 45 days was well within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

There is nothing in the record to indicate that the district court erred in affirming Molina's sentence. The district court recognized, as do we, that Molina's sentence is well below the statutory maximum. As this was Molina's third DUI offense, there was no abuse of discretion in revoking his license for 5 years. By repeatedly choosing to operate vehicles while under the influence, Molina has demonstrated that he is a danger to the public. The fact that the vehicle was partially parked on a private driveway and was not actively being driven on public roads does not negate the seriousness of Molina's offense. Under § 60-6,196, any person who operates *or is in the actual physical control of any motor vehicle* while under the influence of alcohol or drugs shall be guilty of a crime. It is undisputed that Molina was in the actual physical control of a vehicle at least partially located on a public road while he was intoxicated. The court chose to impose a much less severe sentence than what could have been imposed. We find no abuse of discretion in the sentence imposed or in the district court's decision to affirm it.

CONCLUSION

We affirm the district court's judgment which affirmed the judgment of the county court.

AFFIRMED.