IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DIAZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ORION E. DIAZ, APPELLANT.

Filed December 23, 2025.    No. A-25-446.

Appeal from the District Court for Lancaster County: RYAN S. POST, Judge. Affirmed.

Orion E. Diaz, pro se.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

PIRTLE, BISHOP, and FREEMAN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Pursuant to a plea agreement, Orion E. Diaz pled no contest to three counts of violating a protection order in the county court for Lancaster County. He appealed his conviction and sentence to the district court for Lancaster County, which affirmed the county court. Diaz now appeals to this court, assigning various errors. For the following reasons, we affirm.

## BACKGROUND

On October 25, 2024, Diaz was served with a protection order obtained by L.B. Between October 29 and October 31, Diaz texted L.B., sent videos to L.B., drove by L.B.'s place of work, told L.B. that he was willing to go to jail, and asked L.B. to drop the protection order. During those 3 days, Diaz contacted L.B. 2 dozen times, all of which occurred in Lancaster County, Nebraska. Diaz was then charged in county court with three counts of violating a protection order under Neb. Rev. Stat. § 42-924 (Reissue 2016).

- 1 -

Diaz pled no contest to all three counts. The court scheduled a sentencing hearing. At Diaz' sentencing hearing, his drug court application was received, as well as his drug court report, and a victim impact statement from L.B. There was no presentence investigation report (PSR) submitted to the court. On count 1, Diaz was sentenced to 90 days in jail; on count, 2 Diaz was sentenced to 180 days in jail; and on count 3, Diaz was sentenced to 270 days in jail. The sentences were ordered to be served consecutively.

Diaz appealed to the district court. The issues before the district court were (1) whether the sentence was excessive, (2) whether trial counsel was ineffective in counseling Diaz to enter a plea and failing to adequately or correctly advise him of the consequences of that plea, and (3) whether trial counsel was ineffective for failing to communicate with Diaz. The district court affirmed the county court's judgment and held that the sentence was not excessive and that trial counsel was not ineffective.

## ASSIGNMENTS OF ERROR

Diaz assigns, restated and reordered, that (1) the district court erred by imposing an excessive sentence; (2) the county court violated his due process rights by relying on a victim statement during his sentencing hearing; (3) his plea was not made knowingly, voluntarily, and intelligently due to misrepresentations and trial counsel's failure to communicate; and (4) his trial counsel was ineffective.

## STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if the action is clearly against justice or conscience, reason, and evidence. *Id.*

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Buol*, 314 Neb. 976, 994 N.W.2d 98 (2023). When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in the district court. *Id.*

Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance. *State v. Mzra*, 302 Neb. 931, 926 N.W.2d 79 (2019), *disapproved on other grounds, State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025). An appellate court will not scour the argument section of a brief to find specific allegations of deficient performance. *Id.* To be considered by an appellate court, alleged error must be both specifically assigned and specifically argued in the brief of the party assigning the error. *Konecne v. Abram, LLC*, 319 Neb. 966, 26 N.W.3d 44 (2025).

ANALYSIS

*Excessive Sentence.*

Diaz first claims that the district court abused its discretion when it imposed excessive sentences. Although Diaz claims the district court erred, it was the county court that imposed the sentences and the district court that affirmed the sentences.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. See *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.*

The appropriateness of a sentence is necessarily a subjective judgement and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* A sentencing court is not required to articulate on the record that it has considered each sentencing factor, nor make specific findings as to the facts pertaining to the factors or the weight given them. See *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

Diaz was convicted of three counts of violating a protection order, a Class I misdemeanor. A Class I misdemeanor is punishable by a maximum of 1 year's imprisonment. See Neb. Rev. Stat. § 28-106 (Reissue 2016). On count 1, Diaz was sentenced to 90 days in jail; on count 2, Diaz was sentenced to 180 days in jail; and on count 3, Diaz was sentenced to 270 days in jail. Diaz' sentences of imprisonment were within statutory limits.

Diaz nevertheless claims that the county court abused its discretion, arguing that the court failed to adequately consider his mental health, nonviolent conduct, and willingness to participate in drug treatment.

The court did not order a PSR for Diaz prior to sentencing. At the sentencing hearing, the court relied on Diaz' drug court application, drug court update, and L.B.'s victim statement. Diaz was 42 years old, single, and had some college education at the time of sentencing. Diaz had failed to attend his drug court orientation, argued with the drug court, and, when he finally attended, he tested positive for drugs. Diaz scored a 5 on his simple screening instrument, meaning he had a moderate to high risk of further substance abuse. Diaz was also found to be a high risk and high need individual according to his risk and needs triage report. Diaz had risk factors in employment, criminal activity, and prior involvement in drug rehabilitation. As a part of his drug court application, Diaz listed that he had no felonies and seven previous misdemeanor convictions.

At the sentencing hearing, the county court indicated it reviewed the statutory factors, as well as the exhibits presented, which also contained the mitigating factors argued by Diaz. The court heard the comments of Diaz' trial counsel, which included his struggles with substance abuse issues and need for treatment. The court found that imprisonment of Diaz was necessary as the nature of the offense was serious.

We find no abuse of discretion in the sentences imposed by the county court and affirmed by the district court.

*Victim Statement.*

Next, Diaz assigns as error that the sentencing court violated his rights by relying on a victim impact statement during sentencing.

Diaz argues this issue for the first time on appeal. In such circumstances, absent plain error, an issue raised for the first time in the Nebraska Supreme Court or the Court of Appeals will be disregarded inasmuch as the district court cannot commit error in resolving an issue never presented and submitted for disposition. *State v. Buol*, 314 Neb. 976, 994 N.W.2d 98 (2023). On that basis, we decline to review whether the county court erred in utilizing the victim impact statement because it was not raised on appeal to the district court.

*Plea.*

Diaz assigns that his plea was not entered into knowingly, voluntarily, and intelligently, due to his counsel's misrepresentations and failure to communicate. However, in his brief, Diaz fails to set forth any argument as to how his counsel misrepresented or failed to communicate. Errors that are assigned but not argued will not be addressed by an appellate court. *State v. Siddens*, 263 Neb. 751, 642 N.W.2d 791 (2002). On that basis, we will not address this assignment of error.

*Ineffective Assistance.*

Lastly, Diaz assigns that his trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution and the Nebraska Constitution.

We observe that Diaz' assignment lacked the specificity we demand on appeal. The Supreme Court has held that when raising an ineffective assistance claim on appeal, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Mzra*, 302 Neb. 931, 926 N.W.2d 79 (2019), *disapproved on other grounds, State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025). An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *Id.* We will not scour the argument section of an appellant's brief to exact specific allegations of deficient performance. *Id.*

Diaz does not identify in his assignment of error what conduct by counsel constituted deficient performance. Therefore, we find this assignment of error to be akin to a general assertion that his trial counsel was ineffective. Diaz' claim under this assignment does not satisfy *Mzra* and will not be addressed on appeal.

CONCLUSION

For the foregoing reasons, we affirm Diaz' convictions and sentences.

AFFIRMED.